No. 3.—LEWIS GROCE, plaintiff in error, *vs.* JNO. M. FIELD, trustee, &c. *et al.* defendants in error.

[1.] It is error to proceed to a decree against a defendant in Equity who has failed to appear and answer the bill, unless an order to take the bill *pro confesso* is previously applied for and granted.

[2.] A decree against an administrator who is discharged by a judgment of the Court of Ordinary, and a successor appointed pending the cause, is a nullity, so far as the estate is concerned.

[3.] It is error to decree against an infant defendant in Equity, although served, without first appointing a guardian *ad litem*, and that whether he has a regularly appointed guardian or not.

[4.] It is not sufficient in a bill of review to refer to the record of the decree sought to be reviewed, as a paper of file in the Court where the cause is pending, with a request that it be made a part of the bill. It must be fully set forth in the bill or appended as an exhibit.

[5.] An order to enforce a decree in Chancery which transcends the decree, is void.

In Equity, in Bibb Superior Court. Decision on demurrer, by Judge POWERS. May Term, 1852.

The bill charges that in 183–, Ambrose Baker was appointed by the Court of Ordinary of Bibb County, administrator of Solomon Groce, who departed this life in 183–. Baker, on the 29th of October, 1838, commenced an action of ejectment in the Superior Court of said County, for the recovery of an acre of land, in the north-east corner of a ten acre lot, No. 4,

Groce *vs.* Field *et al.*

on the Macon reserve, on the east side of the Ocmulgee river, against Louisa B. Durrett, the tenant in possession. Pending the action, John M. Fields, as trustee of Louisa B. Durrett, filed a bill for discovery, relief, and injunction, and to which bill Baber was made a party defendant; together with Ann Groce, Lewis J. Groce, and others, as the heirs of Solomon Groce. This bill prayed for a perpetual injunction against Baber, as administrator, from further proceeding in his action of ejectment, and to compel him or the other defendants to execute title to the premises in dispute, and to deliver up the grant to the said lot No. 4. Pending the bill, to wit: in September, 1841, Baber having been appointed *Chargé* by the Government of the United States to the Court of Sardinia, he left this country on his said mission, having previously been discharged from said administration by the Court of Ordinary of said County of Bibb, and one Thomas A. Brown having been appointed administrator of said estate.

In December, 1842, a trial was had on said bill, Brown not having been made a party, and a decree rendered, enjoining the action of ejectment and requiring the defendants to execute title to complainant, as trustee, &c. for said lot of land, which title was executed in 1843, by the defendants other than Baber, under an order of the Supreme Court. Leave of reference is asked, to this bill. The bill further charges that Louisa B. Durrett, never had or made any claim to any portion of said lot, other than the acre sued for in the original action of ejectment, and that complainant at the time of the rendition of said decree, had been in possession of the remainder of said ten acres for ten years, and that he refused and still refuses to deliver possession to the said Louisa B.

The bill further states, that upon his refusal to give possession under said decree, that John M. Fields, as trustee for the said Louisa B. commenced his action of ejectment against complainant for the recovery of the said ten acres of land; that said action is now pending in the Superior Court of said County, the said Louisa B. having departed this life, and one Susan G. Cook, named as her executrix.

The bill prays that the action of ejectment may be enjoined; that the order and decree of the Court under the first bill, may be set aside and rendered void; and that the deed executed by the heirs of Solomon Groce to John M. Field as trustee, may be delivered up to be cancelled.

To this bill a demurrer was filed, on the grounds,

1st. Want of Equity.

2d. That the original bill and proceedings thereon were not attached as an exhibit.

3d. Because the discharge of Baber should have been pleaded in the action of ejectment.

The Court sustained the demurrer, and dismissed the bill, and this decision is brought up for review.

POE & NISBET, for plaintiff in error.

HARDEMAN, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

In considering this cause, we have found that Ambrose Baber, administator upon the estate of Solomon Groce, deceased, brought an action of ejectment against Louisa B. Durrett, tenant, for one acre of land, lying in the north-east corner of ten acre lot No. 4, of the Macon reserve, east of the Ocmulgee river, upon a grant from the State for that lot, issued to his intestate. Pending that action, Field the trustee of Mrs. Durrett, filed the original bill, making Baber the administrator of Groce, and the heirs of said Groce, among them Solomon Groce, who the bill charges to be a minor and without a guardian, parties defendants. This bill setting up that the lot of land No. 4, had been transferred to Solomon Groce, deceased, the intestate of Baber, as security for certain debts and liabilities incurred by and due to him by one D. Durrett, which liabilities and debts had been discharged and cancelled, and that the same lot had been conveyed by D. Durrett in trust for the use of Mrs. Durrett, and that the grant had been collusively taken out in the name of Groce, prays that the

Groce *vs.* Field *et al.*

action of ejectment be enjoined; that the grant be cancelled, and *that the premises in dispute in the action of ejectment,* be conveyed by the administrator Baber, or the heirs of his intestate, to the complainant for the use of Mrs. Durrett. Baber the administrator, and one of the heirs defendants, to wit, Lewis Groce, and he only, answered the bill. No order was passed to take the bill as confessed by the other defendants, and noen asked for. All the defendants were served, including Solomon Groce, the minor, but no guardian *ad litem* was appointed for him, nor did he appear by a regular guardian. In this state of the pleadings, the cause was brought to a hearing, and the Jury decreed, "that the plaintiff in the action of ejectment be perpetually enjoined, and that he proceed no further therein; and that the said administrator of Solomon Groce, deceased, or the heirs and distributees of said deceased, convey to the complainant, as trustee of Louisa Durrett, the said premises in dispute, and that the grant for said lot of land, be delivered to the complainant." The judgment of the Court was entered up in pursuance of this finding, and is dated in December, 1842. At the May Term, 1843, an order was passed by the Chancellor, reciting the above decree, and that the defendants had neglected and refused to comply with it, and directing that the Sheriff arrest the defendants, the heirs and distributees of Solomom Groce, deceased, including the minor Solomon Groce, and confine them in the common jail of the County until they comply with the decree, by making a conveyance of said premises to the complainant in the bill, it being lot No. 4 in the public reserve at Macon, on the east side of the Ocmulgee river, containing ten acres. In obedience to this order, the conveyance was made by the defendants to the trustee of Mrs. Durrett, of the lot No. 4, containing ten acres; and upon this deed, he instituted ejectment against Lewis Groce, who was in possession, for the ten acre lot No. 4. Pending this action, the bill of review was brought by Lewis Groce and T. A. Brown, administrators of Solomon Groce, deceased, setting forth the foregoing facts, and in addition to them, charging, that pending the original bill, Baber the administrator,

had been discharged from the administration, by a judgment of the Ordinary, and T. A. Brown had been appointed administrator upon the estate of Solomon Groce. It charges also that the order of May, 1843, directing the arrest and imprisonment of the defendants to that bill until they should comply with the decree, is illegal and void, because it does not conform to, but transcends the decree, and therefore the conveyance of the lot of land No. 4, made under its coercion is void; that there is error in the decree rendered on the original bill, because it was awarded against the defendants, except Baber and Lewis Groce, without their answer and without an order to take the bill as confessed; because it was awarded against Baber, who had been discharged from the administration by a judgment of the Court of Ordinary, and when another representative had been duly appointed; and because it was rendered against Solomon Groce, a minor, without appearance by a guardian *ad litem*. The prayer is, that the decree and order be reviewed and reversed; that the deed executed to the trustee of Mrs. Durrett be delivered up to be cancelled, and that the action of ejectment be perpetually enjoined. Upon demurrer, the Court below dismissed it for want of equity, and upon that ruling we have the questions made in the assignment.

[1.] A Chancellor cannot fail to see at a glance, that the proceedings on the bill against Baber and the heirs of Solomon Groce, deceased, are characterised by very great irregularity. The record of the decree on that bill abounds in errors— errors so transparent, that it is matter of wonder how they could have occurred under the eye of the able Judge who at the time presided over the Circuit Court. It is error to decree against a defendant who has not appeared and answered, without an order to take the bill *pro confesso*. In England the preliminary order is necessary. The cause is not ready to be set down for a hearing until it is taken. It is the order (which is in character of an interlocutory decree) upon which the issue in such case is joined. Without it the defaulting defendant cannot be considered as confessing to the allegations

of the complainant. It is indispensable to any action on the bill that he be adjudged to be in default, and in consequence of that default, that he be adjudged to have confessed the plaintiff's case. It is a rule of universal application in Courts of justice, that a judgment cannot exist by intendment. It must appear. If it does not appear, it therefore is not. Records of judicial action, are the evidence of rights protected, and of wrongs redressed. They must be full and complete. It is not pretended, however, that there was any order to take the bill for confessed in this case. Looseness in judicial proceedings is the vice of American Courts, and with my consent we will make no further progress in that direction than we are constrained to make by the commands of the law. I do not intend to be understood as admitting that a decree against a defendant in Equity, who has failed to answer, without an order to take the bill *pro confesso* as to him, is merely an irregularity. It is an error in law. It is error upon principle; it is an error upon the authority of the Courts of Great Britain, and of some of our own States; and it is an error, because contrary to the first of the rules of the Equity Courts of Georgia, which have, when not in contravention of law, the force and effect of law. Varying somewhat from the course of the British Chancery, we have a rule which provides, that when a bill is sanctioned and filed, and the usual process taken out and served, and no answer is filed within the time allowed, the complainant shall at the next term of the Court, if the defendant is still in contempt, apply for an order to the bill *pro confesso*. Such order, upon such application, it requires the Court to grant, and when granted it operates as an interlocutory decree, which entitles the complainant to have his cause submitted to a Jury *ex parte*. And further, it provides that if the complainant shall swear or affirm, that the answer of the defendant to the whole or a part of his bill is absolutely necessary, and that without such answer, he can not support the truth of his allegations, the Court may permit him to make a special oath or affirmation of what he knows or believes the defendant could or ought to answer, and such oath or affirmation may be given to the Jury, together

with the bill and other proofs.   This rule is positive in the requirement that an order shall be taken.   The time is determined at which the complainant shall apply for it, and then it is not granted as matter of right, but upon condition that the defendant is still in contempt.   The effect of it is also determined, which is to carry the cause, *ex parte*, to the Jury. Important rights of the defendant depend upon the observance of this rule—rights which are denied to him, if at any time the Court may without an order, proceed to decree against him. Such procedure vitiates the whole decree in this case.   There are cases clearly where the Court may proceed to decree against the parties before it without prejudice to the rights of parties not before it.   Here the parties are all before the Court, and the jurisdiction is over all these delinquent defendants, nor are they nominal or immaterial parties.   It was competent to decree against them all, by pursuing the right course; and failing to do so, the decree was erroneous.   1 *Daniel's Ch. P.* 569, 570.   *Pendleton vs. Evans*, 4 *Wash. C. C.* 335. *Rose vs. Woodruff*, 4 *Johns. Ch. R.* 547.   *Newland's Pr. p.* 29.   *Hawkins vs. Crook*, 2 *P. Wms.* 556.   1 *Rule Eq. Pr. in Geo.*

[2.] The discharge of Dr. Baber from the administration of Solomon Groce discharged him from the record of that cause as a party defendant.   The judgment of the Court of Ordinary was conclusive upon the Court of Chancery.   By that judgment, he was no longer the representative of the estate of Groce.   Not only was he discharged, but another (T. A. Brown) by the order of the Court of Ordinary, had been appointed the representative of the estate.   Brown ought to have been made a party, upon suggestion of the discharge of Baber, but was not.   The consequence was, that a decree was had against the estate of Solomon Groce, without a representative, and without a hearing, divesting it of title to land for which it held the State's grant.   This is not apparent on the record of the decree.   The facts in relation to the discharge of Baber, and the appointment of Brown, are brought to light by the bill of review.   Whilst, therefore, not an error in law apparent on the

Groce *vs.* Field *et al.*

record, it is a fact which makes void the decree against Baber, as administrator of Groce, and is a ground of equity which ought to have defeated the demurrer. It is not a reply to this, that the heirs of Solomon Groce were parties to the bill. The legal title of the land in question, was in the administrator, to the exclusion of the title of the heirs, for the purpose of paying the debts of the estate, if any ; and it does not appear to this Court, and could not appear to the Court below, on the argument of the demurrer, either that there were no debts to pay, or that the title to the lot of land in the estate of Groce, was not a valid title against the claim of Mrs. Durrett. *Dudley's R.* 190. *Carter vs. Anderson,* 4 *Geo.* 516.

[3.] The record discloses the fact, that one of the defendants, Solomon Groce, was an infant when the decree was rendered against him. That an infant can be sued in Equity, there is no doubt—upon the idea that he is in the hands then of his paramount guardian. Chancery, it is presumed, will do no harm to its peculiar beneficiary. The course seems to be to serve the infant even when there is a regularly appointed guardian. The infant cannot defend, nor can his guardian, but the Court will appoint a guardian *ad litem* to defend for him. *Story's Eq.* §70. *Daniel Ch. Pr.* 203, 4, *notes.* 1 *McLean R.* 174. 1 *Ala.* 379. 6 *J. J. Marshall,* 45. 1 *Barbour Ch. Pr.* 83. 2 *Paige,* 304. 9 *Vesey,* 357. *Mitf. Eq. Pl. by Jeremy,* 103. In this case the infant appears to have been served, but no guardian *ad litem* to have been appointed. Notwithstanding the Court proceeded to decree against him. He was not before the Court—he was without his day, and the decree was erroneous. *Story's Eq. Pl.* §405. *Cooper's Eq. Pl.* 89, 90. *Gilb. For. Rom.* 184, 187. *Gregor vs. Melesworth,* 2 *Vesey,* 109. 2 *Munf.* 129. 3 *A. K. Marsh.* 143. 3 *Ham.* 363. 7 *Ibid,* 198.

[4.] The bill was demurred to specially upon the ground that the record of the proceedings upon which the decree sought to be reviewed was founded, was not made an exhibit to that bill. The rule adopted by this Court, is that if the exhibit is not fully set forth in the bill, and the plaintiff's case in any material point depends upon it, it must be appended.

The defendant is entitled to be served with a copy of it.    See *case at Columbus in January*, 1853.    This is a statutory rule in all cases, and especially important in bills of review, founded upon errors in law apparent in the decree.    The re-cord of the decree, upon which the whole case depends, should be exhibited to the inspection of the Court and the parties. With us, in bills of review, the record of the decree to be re-viewed, is the record of the cause, and the whole record there-fore must go with the bill.    It is but a reasonable requirement, that he who asks a reversal, should furnish to him in whose favor the decree stands, a copy of the record, that he may con-veniently defend.    As too the questions made in such case are to be determined by the Court upon the record, it is necessary that the Court inspect the whole record.    In this case the bill does not fully set forth the record, although it does state the substance of the decree.    And it refers to the original bill as of file in the Court where the bill of review is pending, and asks that it be considered a part of the bill.    Such reference and request are not sufficient.    Either the record must fully set forth, (and I do not see that any thing short of a literal transcript of the material parts of the record would fully set it forth) or it must be appended.    We should not, however, dis-miss this bill for this defect, but censuring it, permit the com-plainants to amend by appending the record.    Upon one view of the reference to the original bill and decree as of file in the office of the Court where the cause is pending, the insufficiency of such reference will be apparent.    It does not make the pa-pers thus referred to a part of the record of the pending cause, and they would not therefore come to this Court upon a writ of error.    We could not review decisions made on a bill of review, without inspection of the record of the decree, and we cannot command it, unless fully set forth in the bill, or accompanying it as an exhibit.

[5.] We are also well satisfied that there is equity in this bill, upon the allegation that the compulsory order of the Chan-cellor for its execution exceeded the decree.    To the extent that it transcended the decree, the Chancellor had no authority

Groce *vs.* Field *et al.*

to pass it; to that extent it is void, and all acts done under it are also void. The decree was, that the defendants execute a conveyance of the premises in dispute to the complainant, and that the grant from the State to Solomon Groce, be delivered up and cancelled. By a careful inspection of the action of ejectment brought by Baber, administrator of Groce, and of the bill brought to enjoin it, and upon which the decree was rendered, we find that the premises in dispute was one acre of land in the north-east corner of ten acre lot No. 4, in the Macon Reserve, east of the Ocmulgee river. It was for that alone, that the action of ejectment was brought. It goes for that by a clear description in words. It was to enjoin that action, that the bill was filed, and by injunction, the Court of Chancery took jurisdiction of the land, the subject-matter of that suit, upon the equities touching the title thereto, set up in the bill. When therefore, the Jury found, and the Court adjudged that the defendants convey the premises in dispute, they meant the premises put in litigation by the action of ejectment first, and secondly by the bill. The premises put in litigation was one acre of land, as described in the declaration, which description is retained in the bill. The order requires the defendants to convey the premises in dispute, being lot No. 4, containing ten acres in the Reserve east of the river. The decree is for one acre, and the order requires the defendants to convey ten. That order is void, and would leave the parties as they were under the decree, as we have construed it, upon the hypothesis that that decree is unimpeachable. In support of the order, as being in conformity with the decree, reliance was placed upon that part of the latter, which directs that the grant for the whole ten acres be delivered up and cancelled. The title to the one acre was embraced in the grant for the ten, it being a grant for lot No. 4, embracing ten acres, of which the one acre in dispute constituted a part. Construing the whole decree together, and in the light of the pleadings, we think that the Jury and the Court intended to decree a cancellation of the grant, so far forth and no farther, as it was a title to the one acre. And in this view of it, the two parts of the decree are

VOL. XIII 5

made to harmonise. And thus we overrule the demurrer to this bill of review, and in so doing, overrule the decision of the Court below, which sustained it. The effect of all which is to open the original decree for a re-hearing, according to the law of the case herein pronounced. It is a case wherein we think it our duty to exercise the discretion by law conferred upon this Court. It is remanded, therefore, with instructions, that the bill of review be amended, by appending to it as an exhibit the original record of the decree, and that the demurrer be overruled without prejudice to such rights of defence to the bill in support of the decree, if any, as may be consistent with the points now ruled, and with the law and usages of Courts of Chancery in such cases.

Let the judgment be reversed.