268 \*J. W. CLAYTON & COMPANY, plaintiffs in error, *v.* CAMPBELL WALLACE, Superintendent Western and Atlantic Railroad, defendant in error.

(Atlanta, June Term, 1870.)

[BROWN, C. J., having been of counsel in this cause did not preside.]

NEW TRIAL—PRO TEMPORE JUDGE\*—FUNCTIONS— RIGHT TO HEAR MOTION FOR NEW TRIAL.—A practicing attorney in the Superior Court of Fulton county, was selected by the parties litigant in a case pending in that Court, (the presiding Judge having been of counsel in the case,) to preside on the trial thereof, as provided by the 240th section of the Code, and after the trial of the cause by said pro tempore Judge, a motion was made for a new trial in the case, a rule nisi to show cause was granted, and a day appointed to hear the motion for a new trial. When the motion for a new trial came on to be heard, said pro tempore Judge refused to hear it, on the ground that he had no power to hear it, as, because the presiding Judge of the Circuit had resigned his office, there was no longer any disqualification existing:

*Held,* That the Superior Courts of this State are created and organized by the Constitution and laws thereof, and continue to exist, whether Judges be appointed to preside therein or not; that a pro tempore Judge selected under the provisions of the Code for the trial of a case, may exercise all the functions of a Judge of the Superior Court in that case; that his functions as such pro tempore Judge in that case, continue and extend to the hearing of a motion for a new

---

\*PRO TEMPORE JUDGE—APPOINTMENT—LEGALITY OF JUDGMENT.—Under the constitution of this state the general assembly is empowered to provide by law for the appointment of a proper person to preside in cases where the presiding judge of the superior court is disqualified. An act of the general assembly which makes it the duty of the clerk of the superior court to select some competent attorney practicing in that court to preside in such a case, where the parties do not agree upon some other person to preside, is a due exercise of the power given by the constitution and is in harmony therewith, and a judgment rendered in a case thus tried is the legitimate outcome of "due process of law." Bivins *v.* Bank of Richland, 109 Ga. 342, 34 S. E. Rep. 602. On page 344, the court said: "It is not necessary for us to enter into a discussion of the abstract question, whether, when the constitution fixes the qualification of a judge of the superior court, and prescribes the manner of his appointment or election, and requires of him an oath of office, some other person not so selected, and without taking the oath of office, may preside as judge of said court. Did the question rest in this case upon such facts alone, it might become a serious one, although this court in former rulings, has declared legal the acts of an attorney selected by the parties to preside in a case where the presiding judge was disqualified; and it also has recognized as legal the acts of an attorney selected by the clerk to preside in a disqualified case. Henderson *v.* Pope, 39 Ga. 361; Clayton *v.* Wallace, 41 Ga. 268."

Where counsel for both sides agreed upon an attorney to preside as judge pro hac vice in place of the regular judge of the circuit, who was disqualified from presiding, a judgment rendered by such judge pro hac vice was constitutional, although rendered prior to the constitution of 1877. Drawdy *v.* Littlefield, 75 Ga. 215, citing Henderson *v.* Pope, 39 Ga. 361; Clayton *v.* Wallace, 41 Ga. 268.

See also, foot-note to Henderson *v.* Pope, 39 Ga. 361.

Clayton & Co. v. Wallace

trial in the case heard and tried before him as such pro tempore Judge, although the presiding Judge of the Circuit may have resigned his office; that such pro tempore Judge derives his authority to hear and determine that special case from the law, and not from the presiding Judge of the Circuit, and having acquired jurisdiction to hear and determine the case under the law, his functions as such pro tempore Judge continue until he shall have heard and decided the motion for a new trial in that case, notwithstanding the presiding Judge of the Circuit may have resigned his office before the hearing of the motion for a new trial; and that it was error for said pro tempore Judge to refuse to hear and determine the motion for a new trial upon the statement of facts contained in the record.

New Trial. Judge pro hac vice. Bill of Exceptions. Before Honorable John Collier, presiding by consent. Fulton County. Chambers. February, 1870.

J. W. Clayton & Company sued Wallace, as Superintendent of the Western and Atlantic Railroad, for the non-delivery of certain corn entrusted to said Western and Atlantic Railroad, as a common-carrier. Judge Pope being of counsel *for plaintiffs, the parties agreed that the Honorable John Collier, a practising attorney of said Court, where said suit was pending, should preside therein and "exercise all the functions of a Judge, and to the extent of granting or refusing a new trial, signing and certifying bills of exceptions, or doing any other act which the Honorable John D. Pope might do if he were to preside in said case." It was further agreed that the verdict in this case should control certain other specified cases.

A trial was had before Judge Collier, selected as above, and resulted in a verdict for the defendant. A brief of the evidence was agreed upon, and a motion for a new trial was made by plaintiffs, on the grounds that the verdict was strongly against the weight of the evidence, and because of an alleged error in the charge to the jury. This motion was set down for hearing before Judge Collier, in Chambers, on the 21st of February, 1870. Before that time Judge Pope resigned, and at that time no successor had been appointed.

When the time for hearing arrived, Judge Collier refused to hear and decide the motion, upon the ground that Judge Pope having resigned, he, Collier, had no power to hear and determine said motion. Plaintiffs' attorneys thereupon sued out their bill of exceptions, setting forth all the evidence, rulings and charges in the trial below, and had the same signed and certified by Judge Collier in the usual form. Under the usual mandate the entire record came here with said bill of exceptions. The only error assigned in the bill of exceptions was the refusal to hear and determine said motion for a new trial. When the cause was called here, counsel for defendant in error moved to dismiss the writ of error, upon the ground that mandamus was the only remedy for said refusal, and nothing else was complained of. This motion was overruled.

Pending the argument, counsel for defendant were commenting upon the evidence, (which had not been read,) and insisting that no damage was done to the plaintiffs, because there was no merit in the motion for a new trial, when counsel for plaintiffs in error insisted that defendant's counsel *were out of order. After argument upon the point, the Court held, that while they had the right to look into the evidence and say whether the motion for new trial should be granted, (even if Judge Collier had erred in refusing to decide upon the motion,) and might hear suggestions from defendant's counsel, as amici curiæ, on the evidence and charge of the Court, counsel for defendant had no right to argue that point, and confined them to the argument of the refusal to decide upon the motion for a new trial.

J. D. Pope. Lochrane & Clarke, for plaintiffs in error, cited: Irwin's Code, section 240; 39th Georgia Reports, 361; 17th, 126.

L. E. Bleckley, (by the Reporter,) P. L. Mynatt, for defendant.

WARNER, J.

The error assigned to the judgment of the Court below in this case, was the refusal of the pro tempore Judge to hear and decide the motion for a new trial. The Superior Courts of this State are created and organized by the Constitution and laws thereof, and continue to exist, whether Judges be appointed to preside therein or not. A pro tempore Judge selected under the provisions of the Code for the trial of a case, may exercise all the functions of a Judge of the Superior Court in that case: Code, 240; Henderson v. Pope, 39th Georgia Reports, 361. In such cases, the functions of such pro tempore Judge extend to the hearing of a motion for a new trial in the case heard and tried before him as such pro tempore Judge, although the presiding Judge of the Circuit may have resigned his office before the hearing of that motion; the hearing and deciding the motion for a new trial, is a part of the trial of that case; such pro tempore Judge derives his authority to hear and determine that special case from the public law of the State, and not from the presiding Judge of the Circuit, and having acquired jurisdiction to hear and determine the case under the public law of the *State, his functions as such pro tempore Judge continue until he shall have heard and decided the motion for a new trial in that case, notwithstanding the presiding Judge of the Circuit may have resigned his office before the hearing of that motion. In our judgment, it was error for said pro tempore Judge to refuse to hear and determine the motion for a new trial, upon the statement of facts contained in the record.

Let the judgment of the Court below be reversed.