THE STATE ex rel. R. H. SPEIGHT, Com'r, v. JULIA STATON
Adm'x, et al.

*Parties—Tax Collector—Official Bonds—Fence Law.*

A statute was enacted in 1883, authorizing the imposition of a special
    tax, or assessment, to erect and maintain a fence around certain
    territory in the county of Edgecombe, and directed the tax col-
    lector (Sheriff) of that county to pay the amount when collected
    to the Chairman of a Board of Fence Commissioners created by the
    statute. The chairman brought suit upon the collector's official
    bond to recover the sums alleged to have been collec.ed. and
    which he had failed to pay : *Held—*
1. That, notwithstanding the bond contained the provision that the
    moneys received by the collector, by virtue of his office, should be
    paid to the County *Treasurer*, the latter was not authorized to
    sue for the *fence tax*, for the reason that it was directed to be paid
    to another officer.
2. But that the Chairman of the Fence Commission, though not named
    in the bond, might maintain the action under the provision of §
    1891, *The Code ;* and it is intimated that he might have maintained
    it independently of those provisions.

This is a CIVIL ACTION, tried upon complaint and demur-
rer, before *MacRae, J.*, at Spring Term, 1889, of EDGECOMBE
Superior Court.

The action is prosecuted in the name of the State on rela-
tion of R. H. Speight, Chairman of the Board of Commis-
sioners charged with the construction and repairs of a fence
erected in a portion of Edgecombe County, under Chapter
367 of the Act of 1883, to recover of the defendant Julia
Staton, administratrix of John R. Staton, the deceased
Sheriff and tax collector, and the others, his sureties, the
residue of the tax levied and collected under said act for
the purpose aforesaid.

The official bond given by the intestate and the other
defendants, the obligation undertaken, which it is sought
to enforce, is, in words and figures, as follows :

"Know all men by these presents, that we, John R. Staton, principal, and James Hodges, Battle Bryan, Erastus Cherry, Henry Winborne and Joshua Killebrew, sureties, are held and firmly bound unto the State of North Carolina in the sum of forty thousand dollars, the payment whereof to be well and truly made, we bind ourselves jointly and severally, our heirs, executors and administrators, firmly by these presents. Signed and sealed this the 30th day of November, 1883.

"The condition of the above obligation is such that, if the above bounden John R. Staton, Sheriff of the county of Edgecombe, shall well and diligently collect the county, school, poor and special taxes during his continuance in office, and shall faithfully and honestly account for and pay over the same to the County Treasurer, as required by law, then the above obligation to be void; otherwise to remain in full force and effect."

The defendant, entered a demurrer to the complaint, assigning, among other grounds therefor, that "it does not appear that R. H. Speight, chairman as aforesaid, has a right to collect said money, if any should be due, from said administratrix, or said John R. Staton, or the sureties on his said bond."

Upon the hearing, the Court sustained the demurrer and gave judgment against the relator for costs, at the same time giving him leave to amend his complaint, and the relator appealed.

*Mr. John L. Bridgers*, for the plaintiff.
*Mr. G. M. T. Fountain*, for the defendants.

SMITH, C. J. (after stating the case). The Act of 1881, circumscribing certain territory within the county of Pitt, and forbidding stock to go at large therein, directs the con-

struction of a fence around the boundary, and an assessment of a tax upon the real estate therein to build and keep it in repair. The amendment of 1883, which attaches an adjoining portion of the territory of Edgecombe, containing the same essential provisions, constitutes a board of Fence Commissioners and app ints the members, to the chairman of which the tax collector—in the present case the Sheriff— "is to pay over the same (tax when collected) to the Chairman of the Fence Commissioners" Act 1881, §3; Act 1883, §6. A large portion of the tax levied for the purpose aforesaid, has been paid by the defendant's intestate to the relat r, and the complaint, stating the facts, which must be accepted as true, is for the failure to pay over the residue of the sum aforesaid.

The official bond, in the very words of the statute that requires it, embraces and is intended to protect "the county, school, poor, and special taxes," and to "account for and pay over the same to the County Treasurer, as required by law" (*The Code*, §2072); and he is the proper party to receive and sue for and recover all the enumerated county taxes, except the *specified tax* levied under the enactment—one of the class denominated "*special*," as distinguished from such as are usual and regular—the other special taxes levied upon property and persons in the entire county being, also, payable to the County Treasurer. The condition of the bond is, therefore, in proper form to enforce the obligation to collect and pay over the taxes mentioned, except fence tax, and it omits to provide for the enforcement of the obligation to pay over them, as the statute commands, to the Chairman of the Fence Commissioners. The special tax could not be recovered by the County Treasurer, because he is not allowed to receive it; and if the present relator cannot, to whom the money alone is payable, it would seem that no one could, and, hence, there would be no security afforded

by the bond to assure fidelity in the discharge of the collector's official duty in reference to this fund.

Under such circumstances, we are not prepared to assent to the ruling below, that the relator, to whom alone this tax is to be paid under the law, cannot assert his claims thereto in the manner he is now doing. The fund is raised under a law which prescribes the person with whom the collector must account for what he collects, and the condition blending different special taxes under a single name fails to provide for the payment of those now under consideration to the legal and authorized public agent, and it may be questioned, whether he cannot maintain the action as relator and recover the money, which he alone has authority to receive.

To remedy mischiefs of the kind, was enacted the Act of January 26th, 1843, which, with modifications adapting it to the new system, but not changing its substance, is brought forward in *The Code,* and forms section 1891. It declares that whenever any instrument shall be taken by, or received under, the sanction of the Board of County Commissioners, or by any person or persons acting under or in virtue of any public authority, purporting "to be a bond executed to the State for the performance of any duty belonging to any office or appointment, such instrument, notwithstanding any irregularity or invalidity in the conferring the office or in making the appointment, or any *variance in the penalty or condition of the instrument from the provisions prescribed by law, shall be valid, and may be put in suit, in the name of the State, for the benefit of the person injured by a breach of the condition thereof,* in the same manner as if the office had been duly conferred, or the appointment duly made, and as if the penalty and condition of the instrument had conformed to the provisions of law."

This statute seems to enable the relator, though not named in the condition, to prosecute the bond to recover the moneys

by law directed to be paid to him, and which the Sheriff has collected under his office and the bond undertakes to secure.

The references made in the argument for the appellee, in support of the ruling, are all to rulings which refuse to give operation to the bond outside of a fair and reasonable interpretation of its terms, and, by construction, make it embrace duties and obligations not mentioned. They also show that general words used in a condition provided for a general discharge of official obligations, will be confined to such as come within the range of those specifically set out. Murf. on Bonds, §§ 717, 718 and 719; *Eaton* v. *Kelly*, 72 N. C., 110.

The subject matter is discussed, and the cases in our own reports, examined by AVERY, J., in *County Board of Education* v. *Bateman*, 102 N. C., 52, render it unnecessary to pursue the subject further.

There is error, and the judgment reversed, to the end that the cause proceed in the Court below.

Error.