## BIVINS *v.* BANK OF RICHLAND.

1. Under the constitution of this State the General Assembly is empowered to provide by law for the appointment of a proper person to preside in cases where the presiding judge of the superior court is disqualified. An act of the General Assembly which makes it the duty of the clerk of the superior court to select some competent attorney practicing in that court to preside in such a case, where the parties do not agree upon some other person to preside, is a due exercise of the power given by the constitution, and is in harmony therewith ; and a judgment rendered in a case thus tried is the legitimate outcome of "due process of law."

2. There was no error in refusing to further postpone or continue the case, and the verdict is supported by the evidence.

Argued November 3, — Decided November 30, 1899.

Complaint. Before C. C. Duncan, judge pro hac vice. Dooly superior court. September term, 1898.

Allen Fort, for plaintiff in error. E. A. Hawkins, contra.

LITTLE, J. The defendant in error instituted an action against. W. W. Shipp as principal, and J. E. Bivins and J. E. D. Shipp as securities, on a promissory note. The defendant Bivins alone pleaded to the action. It appears by the bill of exceptions that the wife of the presiding judge of the circuit, then present, was a sister of W. W. Shipp and J. E. D. Shipp, two of the defendants to the action, but that he was not in any way related to the defendant Bivins. It also appears that when the case was reached the parties failed to agree upon an attorney to preside in the case, and that the clerk of the court designated and appointed C. C. Duncan, a practicing attorney at the bar of said court, to preside as judge pro hac vice. The case proceeded to trial, a verdict was returned against the defendants, and a judgment was entered accordingly. The defendant Bivins made a motion for a new trial, which was overruled, and he excepted.

1. It is complained, in one of the grounds of the motion for new trial, that when the presiding judge announced his disqualification on account of relationship to two of the defendants, the other defendant, Bivins, refused to agree on some member of the bar to preside as judge pro hac vice, and objected to the. appointment of an attorney to preside in the place of the judge,. by the clerk, for two reasons; first, that the presiding judge was not disqualified, because he was not related to the defendant Bivins, and that the defendants W. W. Shipp and J. E. D. Shipp, to whom he was related, filed no defense to the action; second, because, if the presiding judge was disqualified from presiding in the case, the law under which the clerk acted in appointing the judge pro hac vice was unconstitutional and void. There can be no serious question, in our opinion, that Judge Littlejohn was disqualified from presiding in the case.

Section 4045 of the Civil Code prescribes that no judge of any court can sit in any cause . . where he is related to either party within the fourth degree of consanguinity or affinity, etc. Two facts are perfectly apparent: J. E. D. Shipp and W. W. Shipp were related to the presiding judge by affinity within the fourth degree, and they were parties to the case. That they filed no defense did not alter their relation to the suit. With or without a defense they were parties, and therefore the judge could not, without the consent of all the parties at interest, preside or give judgment either for or against them; and the plaintiff in error must fail in this contention. He insists, however, that, even if the disqualification existed, the act of the General Assembly which makes it the duty of the clerk of the superior court to select a competent attorney practicing in the court where the case is pending is unconstitutional and void, and the attorney so selected has no power or authority to preside and render a judgment therein, because the constitution provides certain qualifications to be possessed by the judge of the superior court, and the act is in violation of the constitution of the United States because it deprives defendant in this case of his property without due process of law.

It is not necessary for us to enter into a discussion of the abstract question, whether, when the constitution fixes the qualification of a judge of the superior court, and prescribes the manner of his appointment or election, and requires of him an oath of office, some other person not so selected, and without taking the oath of office, may preside as judge of said court. Did the question rest in this case upon such facts alone, it might become a serious one, although this court in former rulings has declared legal the acts of an attorney selected by the parties to preside in a case where the presiding judge was disqualified; and it has also recognized as legal the acts of an attorney selected by the clerk to preside in a disqualified case. *Henderson* v. *Pope,* 39 *Ga.* 361; *Clayton & Co.* v. *Wallace,* 41 *Ga.* 268. In *Drawdy* v. *Littlefield,* 75 *Ga.* 215, it was expressly held, that where both parties agreed upon an attorney to preside as judge pro hac vice in place of the regular judge of the circuit, who was disqualified from presiding, a judgment rendered by such

judge pro hac vice was constitutional, although rendered prior to the constitution of 1877. In *Beck* v. *Henderson*, 76 *Ga.* 360, it was held, where the judge was disqualified and the parties had not tried or made any effort to agree on an attorney to preside, that it was proper for the clerk to appoint a competent attorney to do so. See also *Steam Laundry Co.* v. *Thompson*, 91 *Ga.* 47. By the constitution of this State, art. 6, sec. 4, par. 9, it is expressly provided that "The General Assembly may provide by law for the appointment of some proper person to preside in cases where the presiding judge is, for any cause, disqualified." By section 4329 of the Civil Code, which is a codification of the act of 1878, the General Assembly has provided that in such cases when the parties do not otherwise agree, the clerk of the superior court, or in his absence the deputy-clerk, may select some competent attorney practicing in that court to preside. So that the selection, as provided in the code, is based on direct authority of the constitution itself. It is no reply to say that the constitution fixes the qualification of a judge of the superior court, because the person presiding is not a judge of the superior court; he is an attorney at law, vested with the power to preside in a case in which the judge of that court is disqualified, when selected by the clerk. In our opinion, therefore, a judgment rendered by a judge pro hac vice, selected by the clerk under the circumstances named in the section of the code, has, in the case in which he presides, the same validity and effect as would a judgment rendered by the judge of the court in a case where he is not disqualified, and the exercise of the power given to the judge pro hac vice in no way contravenes the constitution of this State; and an attorney pro hac vice, deriving his authority so to preside directly from the constitution of the State, exercises the powers of a judge strictly in accord with law and in the due exercise of its process; and the act which authorizes his action is not in any way obnoxious to the constitution of the United States.

2. There was no error in refusing to further postpone or continue the case, and the verdict is supported by the evidence.

*Judgment affirmed.    All the Justices concurring.*