LACY v. WEBB. ·

(Filed May 20, 1902.)

PARTIES—*State Treasurer—The Code, Sec. 3359.*

Where a state treasurer goes out of office pending a suit by him in his official capacity, the incoming treasurer is entitled to be made a party in his stead. ·

ACTION by B. R. Lacy against T. M. Webb and others, heard by Judge *M. H. Justice,* at October Term, 1901, of the Superior Court of BURKE County. From a judgment for the defendant, the plaintiff appealed.

*F. H. Busbee,* for the plaintiff.
*J. T. Perkins* and *Justice & Pless,* for the defendants.

CLARK, J.    This was an action brought by W. H. Worth in his official capacity on a bond given by the Piedmont Bank to E. S. Walton, deputy treasurer, to secure certain moneys of the State deposited in said bank, to be drawn out in favor of the Deaf and Dumb School and Western Hospital.    The matter was referred to Armistead Burwell, referee, who ascertained and reported the balance due.    B. R. Lacy, who had succeeded to the office of Public Treasurer, came into Court at August Term, 1901, of Burke Superior Court, and made himself party plaintiff, and adopted the pleadings theretofore filed in the cause.    The defendants excepted to this order, and at the next term of said Court, defendants moved to dismiss this action, which motion was allowed and the Public Treasurer appealed.

The money belonged to the State of North Carolina.    The bond given to E. S. Walton, deputy treasurer, was given to secure its safe custody and payment to the State or under its direction.    The State Treasurer is authorized (The Code,

Vol. 130—35

LACY *v.* WEBB.

Sec. 3359) "to-demand, sue for, collect and receive all money and property of the State, not held by some person under authority of law." The bond to E. S. Walton, deputy treasurer, to secure the safe keeping of the State's funds enured to the benefit of the State, and being the "real party in interest" the State could maintain an action thereon in the name of its Public Treasurer for the time being. Neither Walton nor Worth, nor Lacy, has any personal interest in the matter, and the latter can maintain the action only as representative of the State. The authorities prior to The Code, Sec. 177, have no bearing, for that section was enacted to cure the technicalities of the former law and rulings, and give the action in every case to "the real party in interest," which is here the State. Somewhat analagous cases are *Speight v. Staton,* 104 N. C., 44, and *Peebles v. Boone,* 115 N. C., 57, 44 Am. St. Rep., 429. If the State had been nothing more than the beneficiary of the bond, it could maintain this action. *Gorrell v. Water Co.,* 124 N. C., 328, 46 L. R. A., 513, 70 Am. St. Rep., 598. But this case is stronger, for the bond to Walton, deputy treasurer, was a bond to secure the State, as the party in interest, and as such it can maintain this action in the name of its Public Treasurer for the time being. It is not a case either of subrogation or substitution. There is but one party, the State, who appears in the name of its successive agents, as provided by statute.

Error.