19451. WILLIAMS, State Revenue Commissioner, *v.* LAWLER HOSIERY MILLS, INC.

HAWKINS, Justice. The exception here is to a judgment denying a motion in arrest of judgment and for a new trial. On April 9, 1954, Charles D. Redwine, State Revenue Commissioner, proposed an assessment for sales and use tax against Lawler Hosiery Mills; a protest was filed by the taxpayer on May 1, 1954, and a hearing requested, which hearing was held on June 29, 1954, and the protest overruled. The taxpayer appealed from the order overruling his protest to Carroll Superior Court, under the provisions of Code (Ann. Supp.) § 92-8446. The protest, which was overruled, set out certain objections to the Georgia Sales and Use Tax Act of 1951 upon the grounds that said act was unconstitutional as being in violation of enumerated sections of the Federal and State Constitu-

tions, stating further that no tax was due the State under the said act. On July 21, 1954, a general demurrer was filed to the protest, along with certain special demurrers. On January 10, 1955, Redwine was succeeded in office by T. V. Williams, as State Revenue Commissioner. On October 6, 1955, the case came on to be heard during the regular October term of Carroll Superior Court. The trial judge disqualified himself from hearing the case, and the clerk of court appointed Emmett Smith as judge pro hac vice, who, upon assuming the bench, and, in the absence of counsel for the State Revenue Commissioner, overruled the general and special demurrers which had been filed to the protest; a jury was impanelled, and the case proceeded to trial that day without the court taking cognizance of the fact that Charles D. Redwine was no longer State Revenue Commissioner, and in the absence of his counsel of record. At the conclusion of testimony, the court directed that the jury return a verdict for the taxpayer, which was done, and on the same day, October 6, 1955, judgment was entered for the taxpayer against Charles D. Redwine, State Revenue Commissioner. On February 6, 1956, during the same term of court, Williams filed the "motion in arrest," which was denied on March 7, 1956. *Held:*

1. There being no contention that the judge of the superior court was not disqualified to preside in the case, it was not essential to the validity of the appointment by the clerk of a judge pro hac vice to try the case that an effort should have been made by the judge to procure the services of another judge, or that the parties must have attempted and failed to agree in the selection of an attorney to try the case. *Robinson* v. *McArthur,* 166 *Ga.* 611 (144 S. E. 19); *Bivins* v. *Bank of Richland,* 109 *Ga.* 342 (34 S. E. 602).

2. "The superior court has power during the same term at which an order or judgment is rendered, to revoke or vacate it for meritorious cause," and "Such power is not lost during the term merely because the time for excepting to the judgment directly by writ of error has expired." *Deen* v. *Baxley State Bank,* 192 *Ga.* 300 (1, 1a) (15 S. E. 2d 194). See also *Tyler* v. *Eubanks,* 207 *Ga.* 46 (60 S. E. 2d 130); Code Ch. 110-7.

3. By Code (Ann. Supp.) § 92-8402 "The office of State Revenue Commissioner and the Department of Revenue are . . . created. The Commissioner is . . . head of the Department of Revenue . . . [and] shall be appointed by the Governor with the consent of the Senate."

4. "The courts of this State are bound to take notice of who are the public officers of the State, where the law requires such officers to be commissioned by the Governor." *Bailey* v. *McAlpin,* 122 *Ga.* 616 (1) (50 S. E. 388).

5. "The State can not be sued in any event without its express consent." *Roberts* v. *Barwick,* 187 *Ga.* 691 (1) (1 S. E. 2d 713). But the State "may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or another State. And as this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to

the public requires it." *Musgrove* v. *Georgia R. & Bkg. Co.,* 204 *Ga.* 139, 159 (49 S. E. 2d 26).

6. "The Revenue Commissioner is authorized and empowered, subject to the provisions of law in such cases provided, to act in the name, and in behalf, of the State of Georgia to institute any suit, action, or judicial proceeding." Code (Ann. Supp.) § 92-8410.

7. "In the event any taxpayer shall fail to pay any tax due . . . the [Revenue] Commissioner shall proceed by suit to collect the amount due." Code (Ann. Supp.) § 92-8442.

8. "Except as otherwise provided . . . all matters, cases, claims and controversies, . . . arising in the administration of the revenue laws, or in the exercise of the jurisdiction of the State Revenue Commissioner or the Department of Revenue, as conferred by this Chapter shall be for determination by the State Revenue Commissioner, subject to review by the courts as provided for by section 92-8446" (Code, Ann. Supp., § 92-8426.4); and, since in such cases the State appears in the name of its successive agents, designated as Revenue Commissioner, as provided by statute, a verdict and judgment against a named Revenue Commissioner of the State of Georgia in his representative capacity, rendered after he is no longer in office, cannot bind the State. *Waldrop* v. *Nolan,* 192 *Ga.* 234, 244 (15 S. E. 2d 225); Lacy *v.* Webb, 130 N. C. 545 (41 S. E. 549).

9. A "party may appeal from any order, ruling, or finding of said [Revenue] Commissioner to the superior court of the county of the residence of the taxpayer" (Code, Ann. Supp., § 92-8446); and where such an appeal was taken, as in this case, to the Superior Court of Carroll County, Georgia, by Lawler Hosiery Mills, Inc., v. Charles D. Redwine, State Revenue Commissioner, and a judgment was rendered approximately nine months after Charles D. Redwine had been succeeded as Revenue Commissioner by T. V. Williams, nothing having been done prior to the rendition of the judgment to substitute the name of T. V. Williams as agent of the State in lieu of Charles D. Redwine, such a judgment is a nullity (*Groce* v. *Field,* 13 *Ga.* 24, 30), and "no further proceedings can be had in the cause until parties have been made, when the case must be tried de novo." *Carroll* v. *Barber,* 119 *Ga.* 856 (47 S. E. 181).

10. It was error to deny the motion to make T. V. Williams as Revenue Commissioner of the State of Georgia a party to said proceeding, and to direct a verdict in favor of the appellant.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED SEPTEMBER 10, 1956—DECIDED OCTOBER 9, 1956.

*Eugene Cook, Attorney-General, H. Grady Almand, Jr., William L. Norton, Jr., Assistant Attorneys-General, Broadus B. Zellars, Ben F. Johnson, Jr., Deputy Assistant Attorneys-General, Benjamin B. Blackburn, III,* for plaintiff in error.

*Shirley C. Boykin, Boykin & Boykin,* contra.