JOSEPH E. RUSSELL, plaintiff in error, *vs.* THE FREEDMAN'S SAVINGS BANK OF MACON, defendant in error.

When the garnishee failed to answer through a mistake as to his legal duty, and judgment was rendered against him for a much larger sum than he had in hand, the discretion of the Court in setting aside the same, on motion made during the term, will not be controlled.

Garnishment. Practice in the Superior Court. Before Judge HILL. Bibb Superior Court. April Term, 1873.

Joseph E. Russell brought case against John R. Johnson for $300 00 damages, and served a summons of garnishment

upon the Freedman's Savings Bank of Macon. At the April term, 1873, the plaintiff obtained judgment against the defendant for the amount sued for. Subsequently, no answer having been filed, judgment was rendered against the garnishee. During the same term, the garnishee moved to vacate said judgment, upon the following statement of facts:

In May, 1872, the defendant, Johnson, had deposited in said bank $50 00. He was then under indictment for several felonies. Judge Cole, the then presiding Judge of the Circuit, having been informed of these facts, ordered said bank not to pay to said defendant, or to his order, any portion of said fund. On the day preceding the service of said summons of garnishment, the sheriff of Bibb county levied on said sum of money. The garnishee supposed that the order from the Judge and the levy by the sheriff was a final disposition of said fund, and, therefore, failed to answer. It now has the $50 00, and is ready to pay it as the Court may direct.

The Court set aside said judgment, and plaintiff excepted.

J. RUTHERFORD, for plaintiff in error.

R. F. LYON; JACKSON, NISBET & BACON, for defendant.

WARNER, Chief Justice.

This was a motion to set aside a judgment against a garnishee who had failed to answer. The motion to set aside the judgment was made during the same term of the Court at which it was rendered. The Court, after hearing and considering the evidence in support of the motion to set aside the judgment, passed an order setting it aside, and the plaintiff excepted. The general rule undoubtedly is, that the Courts will not set aside a judgment against a garnishee who fails to answer, unless some good and satisfactory reason be shown therefor, to be judged of by the Court. In looking through the evidence in the record in this case, it is quite evident that the garnishee acted under a mistake as to his legal duty, and not in bad faith, and as his showing was satisfactory to the

Court which heard it, and the motion to set aside having been made during the term of the Court at which the judgment was rendered, we cannot say that the Court so abused its discretion in setting aside the judgment as will authorize this Court to control it, the more especially when it appears from the record that the plaintiff obtained a judgment against the garnishee for $300 00, when he had only $50 00 in his hands belonging to the defendant.

Let the judgment of the Court below be affirmed.