**19708.** INTERNATIONAL AGRICULTURAL CORPORATION *v.* LAW, trustee, *et al.*

JENKINS, P. J. 1. A court has plenary control of its judgments, orders, and decrees, not based upon the verdict of a jury, during the term at which they are rendered, and may amend, correct, modify, or supplant them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them. *Berrien County Bank* v. *Alexander*, 154 *Ga.* 775, 778 (115 S. E. 648), and cit. . Accordingly, the court did not err, at the same term and before actual disbursement, in vacating its order directing the distribution of a fund paid into court by a garnishee under summons of garnishment, in order to permit the filing of a claim by one who had failed to submit a claim prior to such order, relying upon the promise of the court to defer action until he had an opportunity to file his claim, and who, it appeared without dispute from the evidence submitted, was lawfully entitled to the fund, and to permit a traverse by such claimant of the answer of the garnishee setting up an indebtedness to the defendant in the amount of the fund paid into court.

2. The judge of the city court of Nashville has "power and authority to hear and determine all civil cases in which said court has jurisdiction, and to give judgment therein without the intervention of a jury; provided that either party in any civil cause pending in said court shall, upon demand, be entitled to trial by a jury in all cases in which said parties may be entitled to a trial under the constitution and laws of this State." Ga. L. 1905, p. 314, § 18; Ga. L. 1911, p. 310, § 2. In the instant proceeding to distribute funds paid into court by a garnishee the record fails to disclose a demand by either party for a jury trial, and, therefore, the court did not err in hearing evidence and entering judgment in said case without the intervention of a jury.

3. A claimant to a fund actually paid into court by a garnishee need not file a bond to dissolve the garnishment, since in such cases a claim to such money may be filed by any one who claims it, and the question of title is disposed of under the rules which govern the trial of ordinary claim cases. *Jackson* v. *Campbell*, 23 *Ga. App.* 642 (99 S. E. 155).

4. The claimant to whom the fund was awarded in the instant case, as trustee for a loan company, held a loan deed to certain real estate. It appeared without dispute that the fund paid into court by the garnishee arose from the sale of timber cut from the premises under an agreement whereby the proceeds were to be paid to the holders of the loan deed. The court, therefore, did not err in awarding the fund to the trustees claiming under the loan deed. No objection was made, or question raised, in the court below relative to the interposition of the claim in the name of the two trustees, who held title to the land for the benefit of the loan company, and the questions relating thereto, sought to be raised for the first time in this court, can not, therefore, be entertained. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 23, 1930.

*E. R. Smith, William Story, Elsie H. Griner,* for plaintiff.
*A. D. Tucker,* for defendants.