21023. BROWN REALTY COMPANY *v.* JOEL HUNTER COMPANY.

STEPHENS, J. 1. The trial judge, during the term at which the judgment was rendered, has a broad discretion in setting aside a judgment against a garnishee who has failed to answer after service of· summons of garnishment upon him. *Russell* v. *Freedman's Savings Bank,* 50 *Ga.* 575; *Atlanta Journal* v. *Brunswick Publishing Co.,* 111 *Ga.* 718 (36 S. E. 929) ; *Central of Georgia Railway Co.* v. *Dickerson,* 15 *Ga. App.* 293 (82 S. E. 942).

2. Where a garnishee, at the term of court at which a judgment was rendered against him, moved to set it aside upon the ground that he had not been served, and at the same time traversed the entry of service made by the officer, and where upon the hearing the garnishee testified that he had not been served with summons of garnishment, but the officer testified that the garnishee had been served, and where the garnishee testified that the first information which he had as to the rendition of the judgment was from his attorney, and that he (the garnishee) had previously several times received summons of garnishment in suits against the same defendant, and was in the habit of turning them over to his attorney for attention, that he had never owed the defendant anything, but that the defendant owed him $700, and, although the judge, upon the hearing of the motion and the traverse, overruled the traverse, thus

finding, if not adjudicating, that the garnishee had been served, the judge nevertheless was authorized in concluding that the garnishee, in not answering, acted in good faith, without knowledge of the service and through a mistake of his legal duty. The judge, in setting aside the judgment at the term at which it was rendered, did not abuse the discretion vested in him by law to set the judgment aside.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED OCTOBER 3, 1931.

*Nana W. Wolfe, Elijah A. Brown Jr.*, for plaintiff.
*Ralph R. Quillian, Dillon, Calhoun & Dillon*, for defendant.