28242. ANDERSON, administrator, *v.* LEDBETTER-JOHNSON CONTRACTORS.

BROYLES, C. J. 1. "It is well settled by the holdings of both this court and the Court of Appeals that the writ of certiorari does not lie to set aside a void finding or judgment. *Bass* v. *Milledgeville,* 122 *Ga.* 177 (50 S. E. 59), and cit.; *Sawyer* v. *Blakely,* 2 *Ga. App.* 159, 161 (58 S. E. 399); *Simpkins* v. *Hester,* 3 *Ga. App.* 160 (3) (59 S. E. 322)." *Allied Mortgage Companies* v. *Gilbert,* 189 *Ga.* 756 (8 S. E. 2d, 45).

2. "A garnishment proceeding is a distinct suit against a separate party, and for an entirely new cause of action." *Lamb* v. *Whitman,* 17 *Ga. App.* 687 (3) (87 S. E. 1095), and cit. And such proceeding, being purely statutory and in derogation of the common law, must be strictly pursued. *Arnold* v. *Citizens & Southern National Bank,* 47 *Ga. App.* 254 (3) (170 S. E. 316), and cit.

3. In a garnishment proceeding, when the proper affidavit has been made and the required bond given, it is the duty of the proper officer "to issue a summons of garnishment, *directed to the person sought to be garnished,* requiring him to appear at the next term of the court where such suit is pending . . , and upon such affidavit, bond, and summons of garnishment being delivered to any officer authorized by law to levy an attachment, it shall be his duty to serve such summons of garnishment *upon the person to whom it is directed.*" (Italics ours.) Code, § 46-105.

4. In the instant case the summons of garnishment was not directed to any particular person, firm, or corporation; but none the less a judgment was rendered against Ledbetter-Johnson Contractors, the firm or corporation sought to be garnished. Ledbetter-Johnson obtained a writ of certiorari, and it was alleged in the petition therefor that the purported summons of garnishment "was null and void, because it was not directed to any particular person, firm, or corporation," and that the

judgment entered against petitioner "was null and void, and was entered without petitioner having been served with any summons of garnishment or other process, and without petitioner having had its day in court." These allegations were supported by the facts set forth in the petition. On the hearing the defendant in certiorari made a timely motion to dismiss the certiorari on the ground that illegality was the proper remedy to set aside a void judgment. The motion was overruled, and exception was taken to that judgment. *Held*, that under the rulings set forth above the court erred in denying the motion to dismiss the certiorari; and that error rendered the further proceedings in the case nugatory. The cases cited in behalf of the defendant in error are distinguished by their particular facts from this case.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*

Decided June 28, 1940.

*Weir S. Gaillard,* for plaintiff.

*Wheeler & Kenyon, T. F. Christian, Charles J. Thurmond,* for defendant.