### DOVER v. DOVER.

WYATT, Justice. In a divorce case in Fannin Superior Court, a final decree was entered on December 15, 1948, providing in part that the husband should pay alimony to his wife in the sum of $50 per month so long as she remained single, and further that he should pay his wife $50 per month until she had been paid the sum of $800, "the amount expended by her in the construction of the home located upon the property of the mother" of the husband. On January 28, 1949, the husband submitted to the court a motion to modify and alter the decree, and a rule nisi issued "at chambers, Canton, Georgia," requiring the wife to show cause at Blue Ridge, Georgia, on February 4, 1949, why the prayers of the petition should not be granted. After a hearing, as provided in the order, at Blue Ridge, Georgia, the court passed the following judgment: "After hearing evidence and argument in the within motion, it is ordered that that part of said decree which alludes to the payment of $800 in the construction of said house be modified to the extent that same is not a part of the alimony allowance for support of wife and children and should not be enforced as such. This February 4th, 1949." In excepting to this judgment, the wife, as plaintiff in error, contends "that the court was without authority in law to modify or alter said decree on the 4th day of February, 1949, for the reason that he took jurisdiction of this matter on the motion of the plaintiff at chambers at Canton, Georgia, as shown positively by his order, and this being true, everything that followed was nugatory." *Held:*

1. While this court has held that a judge of the superior court has no authority to entertain in vacation a motion to set aside a judgment of that court and is without jurisdiction to render judgment on such a motion in vacation (*Haskins* v. *State*, 114 *Ga.* 837, 40 S. E. 997; *U. S. Fidelity & Guaranty Co.* v. *First National Bank*, 149 *Ga.* 132, 99 S. E. 529), it is well-settled law that a court has plenary control over its judgments, orders, and decrees during the term at which they were made, and, in the exercise of a sound discretion, may revise, revoke, or modify them. *Gaines* v. *Gaines*, 169 *Ga.* 432 (1) (150 S. E. 645); *Lawson* v. *Haygood*, 202 *Ga.* 501 (3) (43 S. E. 2d, 649). This power may be exercised by the court, at the same term, on his own motion without notice to either party. *Athens Apartment Corp.* v. *Hill*, 156 *Ga.* 437 (1) (119 S. E. 631); *Jones* v. *Garage Equipment Co.*, 16 *Ga. App.* 596 (85 S. E. 940).

2. This court will take judicial cognizance of the fact that the Superior Court of Fannin County convenes each year on the second Mondays in April, August, and December. *Waller* v. *State*, 164 *Ga.* 128 (138 S. E. 67). "After a general term of the superior court has been organized by the presiding judge and put into operation, the term continues until finally adjourned by the presiding judge or by the operation of . . law." *Mathis* v. *Crowley*, 146 *Ga.* 749 (92 S. E. 213). Accordingly, unless adjourned, the December term of the Superior Court of Fannin County, at which the original divorce and alimony decree was entered, continued until five days before the commencement of the April term. Code, § 24-3010.

3. There is nothing in the judgment excepted to nor in the record indi-

cating that the order of February 4, 1949, was passed in vacation. "The contrary not appearing, it is assumed that both orders were passed in term time. The former judgment being in the breast of the court, it was within his power and authority to revoke it by the subsequent order." *Butters Manufacturing Co.* v. *Sims,* 178 *Ga.* 775(2) (174 S. E. 623).

4. In view of the broad power of a judge during the term to modify or revoke a decree entered during the term, even on his own motion without pleadings and without notice to the parties, the fact that the motion to modify the decree was submitted to the judge, and a rule nisi issued thereon, at chambers, in a county other than that in which the original decree was rendered, would not affect the validity of the final order passed in term time. Assuming, but not deciding, that the judge was without authority to entertain the petition and issue a rule nisi at chambers in another county, since the hearing of the motion was had, and the judgment was rendered, in term time, the proceeding became a matter in term; and if the original proceeding erroneously commenced, it was duly adopted by the judge in term time, and was thus given full efficacy. See *Revels* v. *Kilgo,* 157 *Ga.* 39 (121 S. E. 209), where the judge, without authority, entertained a motion to set aside in vacation and issued a rule nisi thereon, but the final judgment was rendered in term time.

5. There was sufficient evidence from which the judge was authorized to find that the original consent decree was inadvertently entered as to the $800 payment, insofar as this sum was awarded as part of the alimony; and the trial judge did not abuse his discretion in rendering the judgment complained of.

*Judgment affirmed. All the Justices concur.*

No. 16619. MAY 10, 1949.

*William Butt,* for plaintiff in error.
*T. H. Crawford* and *Henderson & Burtz,* contra.