### SHIVERS *v.* SHIVERS.

HEAD, Justice. 1. It not appearing from the record in this case that any order adjourning the July term of Cobb Superior Court was entered (Code, § 24-3008), it will be presumed that the term continued until five days before the November term (Code, § 24-3010). *Dover* v. *Dover*, 205 *Ga.* 241 (2, 3) (53 S. E. 2d, 492). The order of October 1, 1949, to which exception is taken in this case, was rendered at the same term of court at which the original decree of July 19, 1949, was entered.

2. "The superior court has plenary power over its orders and judgments during the term at which they are entered, and may amend, correct, or revoke them, for the purpose of promoting justice." *Deen* v. *Baxley State Bank,* 192 *Ga.* 303 (15 S. E. 2d, 194); *Bowen* v. *Wyeth,* 119 *Ga.* 687 (46 S. E. 823); *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775, 778 (115 S. E. 648). "This power may be exercised by the court, at the same term, on his own motion without notice to either party." *Dover* v. *Dover,* supra.

3. The judgment of the Florida court granting a divorce to the defendant, and awarding her custody of the minor child involved in the present action, is not shown to be invalid, and, accordingly, the judge of the superior court did not err in dismissing the citation for contempt and in modifying the decree of July 19, 1949, by revoking that part of the order awarding custody of the minor child to the petitioner. *Brandon* v. *Brandon,* 154 *Ga.* 661 (3) (115 S. E. 115)

*Judgment affirmed. All the Justices concur.*

No. 16952. FEBRUARY 16, 1950.

554

*Frank Lawson* and *Miller & Head,* for plaintiff.

*Willingham, Cheney, Hicks & Edwards,* for defendant.