## TYLER *v.* EUBANKS.

No. 17100. JUNE 13, 1950.

48

*Brannen, Clark & Hester,* for plaintiff in error.

*Douglas, McWhorter & Adams,* and *Jenkins & Oliver,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) In this statutory action for land by the plaintiff, in which he alleged that he claimed title to the land sought to be recovered, and where the abstract of title attached to the petition was not made a part thereof, the fact that neither the petition nor the abstract attached thereto showed a common grantor did not render the petition subject to demurrer interposed thereto upon this ground, and the original judgment of the trial court sus-

taining the demurrer was erroneous. *Bentley* v. *Phillips,* 171 *Ga.* 866 (156 S. E. 898); *Foster* v. *Rowland,* 194 *Ga.* 845 (22 S. E. 2d, 777).

It is contended by the defendant, now plaintiff in error, that this original judgment—which provided that, in default of an amendment showing a common grantor within a given time, the petition would stand dismissed, which judgment was not excepted to, but was acquiesced in by the plaintiff by offering an amendment that failed to disclose a common grantor—became the law of the case, binding upon both the plaintiff and the trial court, and resulted in the automatic dismissal of the petition; and that the trial court was without power or jurisdiction thereafter to reverse its ruling; and that the judgment allowing the amendments offered by the plaintiff, overruling the motions to dismiss the petition, and also overruling the demurrer should be reversed.

It is true that this court has many times held that where, after such an order of the judge without any exception thereto, the plaintiff seeks to amend his petition, but the amendment fails to comply with essential requirements of the order, he is bound thereby, not only because it is the law of the case under the ruling unexcepted to, but for the additional reason that the plaintiff has submitted to the adverse ruling on demurrer by seeking to comply therewith, and cannot thereafter be heard to complain that such order was erroneous, and that the required amendment which he elected to offer, but failed to complete in essential requirments, was in fact unnecessary. It is also true that this court has held that, where on demurrer to a petition an order is entered requiring that the petition be amended by setting forth certain facts construed by the order to be material to the cause of action, and that in default of such amendment within a stated time the petition "stand dismissed," such order is the law of the case, whether right or wrong, in the absence of timely exception and writ of error therefrom, and that, if the petitioner fails to amend, a dismissal of the action automatically results, or a formal order of dismissal is proper. See *Burruss* v. *Burruss,* 196 *Ga.* 813 (27 S. E. 2d, 748); *Gamble* v. *Gamble,* 193 *Ga.* 591 (19 S. E. 2d, 276), and cases there cited. In the instant case, the plaintiff, within the time allowed by the original judg-

ment on demurrer, and "in response to the court's ruling on demurrers" offered an amendment on February 2, 1950, which was allowed subject to demurrer and objection and filed on February 3, 1950, and a further amendment in amplification of the first amendment, which was allowed and filed on February 13, 1950, to which was attached an abstract tracing the plaintiff's title from the Crown, beginning in 1756, and ending with a deed from the plaintiff's father and mother into the plaintiff in 1933, at which time he was a minor, the date of his birth being given as July 15, 1921, and showing that the defendant claimed under a chain of title originating in a deed from the plaintiff's mother, Mabel Eubanks, who plaintiff alleged had not acquired title to the land by deed, conveyance, or otherwise. By these amendments and the abstracts of title attached thereto, it is disclosed that it was impossible for the plaintiff to allege a common grantor as required by the original judgment on demurrer, and it was shown that there were two conflicting chains of title, and the question presented by the petition as thus amended was as to which chain of title was superior.

When these amendments were offered the defendant objected thereto, and filed her written motions to dismiss the petition under the original judgment because the plaintiff had failed to comply with the requirement thereof that he allege a common grantor.

The trial court, upon considering the amendments, the objections thereto, and the motions to dismiss, overruled the objections to the amendment and the motions to dismiss, and also entered a judgment overruling the demurrer which had previously been sustained.

Equally as well established as the rules above announced and relied upon by the plaintiff in error, is the rule that a trial judge has the power during the same term of court at which a judgment is rendered, to revise, correct, revoke, modify, or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion. *Deen* v. *Baxley State Bank*, 192 *Ga*. 300 (15 S. E. 2d, 194); *Lawson* v. *Haygood*, 202 *Ga*. 501 (3) (43 S. E. 2d, 649); *Dover* v. *Dover*, 205 *Ga*. 241 (2) (53 S. E. 2d, 492).

While the trial court might have lawfully sustained the objections to the amendments offered and dismissed the petition under the rulings announced in the *Burruss* case, 196 *Ga.* 813 (supra), and the *Gamble* case, 193 *Ga.* 591 (supra), and the cases there cited—when it was made to appear to the trial judge by the amendments presented by the plaintiff, in an effort to comply with the original judgment of the trial court, that the original judgment had erroneously required of the plaintiff the impossible, it was clearly not an abuse of discretion on the part of the trial judge, during the same term of court, to overrule his former judgment in order to promote justice and permit the plaintiff's petition, which, under the authorities hereinbefore cited, alleged a good cause of action, to remain in court. To hold otherwise would serve no good purpose, and would only tend to delay a final adjudication of a good cause of action by requiring the filing of a new petition by the plaintiff.

What is here held is not in conflict with the decision of this court in *Humphries* v. *Morris,* 179 *Ga.* 55, 56 (175 S. E. 242), where it was held: "Where a demurrer to a petition is interposed, and a judgment is rendered thereon which allows time for an amendment to the petition, and the effect of the judgment is to dismiss the petition as a whole unless there is compliance with the judgment by amending within the time, the judge is powerless, after the expiration of the time, to amend the judgment and allow additional time. This is true for the reason that the judgment disposes of the case entirely, and the court has no longer any jurisdiction." While the statement of facts and the opinion in that case do not disclose the date of the final judgment dismissing the petition, an examination of the original record discloses that the original judgment in that case sustaining the demurrer with leave to amend within a given time, and providing that, upon failure to do so, the case would stand dismissed, was entered during the March term, 1933, of Coweta Superior Court, and that the final judgment sustaining the motion to dismiss was entered at the subsequent September term, 1933. The term of court at which the original judgment was entered having expired, the trial court was without jurisdiction at a subsequent term to reverse, vacate, or set aside its former

52

judgment, which was not excepted to, but acquiesced in, and which had become the law of the case.

*Judgment affirmed. All the Justices concur.*