33153. MORRIS *v.* MORRIS.

Decided September 14, 1950.

388

*James H. Dodgen, H. E. Edwards,* for plaintiff in error.
*Carl T. Hudgins,* contra.

SUTTON, C. J. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules

of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or the pleadings." § 110-702. "A motion in arrest of judgment differs from a motion for a new trial, in this: The former must be predicated on some defect which appears on the face of the record or pleadings, while the latter must be predicated on some extrinsic matter not so appearing. It also differs from a motion to set aside a judgment, in this: The motion in arrest of judgment must be made during the term at which such judgment was obtained, while a motion to set it aside may be made at any time within the statute of limitations." § 110-703. "Matters purely defensive and going in denial of the plaintiff's right to recover do not afford grounds to set aside a judgment." *Thomas* v. *Bloodworth*, 44 *Ga. App.* 44 (2) (160 S. E. 709). "When a party has been afforded an opportunity to be heard, the court cannot suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered. *Dougherty-Little-Redwine Co.* v. *Hatcher*, 169 *Ga.* 858, 863 (151 S. E. 796)." *Hurt Building Inc.* v. *Atlanta Trust Co.*, 181 *Ga.* 274, 283 (182 S. E. 187). "Whenever a motion is made to vacate a judgment, even during the term at which the same was rendered, the movant must allege and prove some reason good in law why he had failed to make his defense at the time required . . The law rewards diligence, but is slow to harken to the prayer of the slothful. The vigilant man does not need to make excuses, but where one has sat idly by and overslept his rights and permitted a judgment to be taken against him, which he might have prevented by the exercise of the slightest diligence, the law is not disposed to grant him relief. *Heitmann* v. *Commercial Bank*, 6 *Ga. App.* 584 [10] (65 S. E. 590)." *Florida Central R. Co.* v. *Luke*, 11 *Ga. App.* 290, 293 (75 S. E. 270). "Where no defense is filed within the time required . . and a verdict is rendered in favor of the plaintiff, and a judgment is duly entered thereon, the judgment will not be vacated, even during the same term, at the instance of the defendant, where he shows no good reason in law for his

failure to appear and file his defense within the time required . . The discretion vested by law in the trial judge is a legal discretion, and will be exercised only where the defendant shows a legal reason for its exercise. No such reason having been shown in this case, the judge properly denied the motion of the defendant to open the so-called default, set aside the verdict of the jury, and allow the defendant to interpose its tardy defense." *Jenkins* v. *Whittier Mills Co.*, 20 *Ga. App.* 828 (3) (93 S. E. 530). The movant in the present case failed to allege that she had exercised due diligence. " 'A motion to set aside a verdict, based on matters not appearing on the face of the record, is not an available remedy to avoid the verdict, unless the motion is of such form and content as to be in substance a motion for a new trial, and complies with the rules governing such a motion . . A motion or petition to set aside a verdict and judgment should be distinguished from a technical motion to set aside a judgment alone. Civil Code (1910), §§ 5957-60 [1933, §§ 110-702 et seq.]; *Firemen's Ins. Co.* v. *Oliver*, 176 *Ga.* 80, 82 (167 S. E. 99).' " *Wrenn* v. *Allen*, 180 *Ga.* 613 (2) (180 S. E. 104). The motion in the present case is not in substance a motion for a new trial, nor does it comply with the rules governing such a motion, and, therefore, cannot be treated as a motion for a new trial. The motion of the defendant shows in substance that after being served with the petition and process, which gave her notice as to the cause of action and when an appearance should be made, she did nothing, although she recognized the nature of the action and believed that she had a valid defense, that in due time a verdict was returned for the plaintiff and judgment entered thereon, that during the interval between service and judgment she was sick and unable to attend to business matters, and spent some time in the hospital, leaving the same a few weeks after the rendition of the judgment based on a verdict, and that she has a defense to the action, the same being detailed in the motion, and will plead the same instanter, if permitted. She asks that the verdict and judgment be set aside. To the motion the plaintiff demurred, giving various reasons why the motion failed to show any legal basis for the relief sought, and why it should be dismissed. Under the well-established principles of law applicable to a motion of this nature, to set

aside a verdict and judgment because of matters not appearing on the face of the record, as applied to the alleged facts as shown by the motion in the present case, it was not error for the trial judge to sustain the demurrer thereto and dismiss the motion.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs in the judgment.*