### 37530.   POTTS *v.* SMITH GRAIN COMPANY, INC.

Decided February 19, 1959—Rehearing denied March 4, 1959 and March 18, 1959.

*Stow & Andrews, Frank B. Stow, Robert E. Andrews,* for plaintiff in error.

*Joe K. Telford, Telford, Wayne & Smith,* contra.

TOWNSEND, Judge. ■ "Under the rules of practice in the superior court, the garnishee has until the first day of the second term after service in which to answer (Code § 46-105; *Averback v. Spivey,* 122 *Ga.* 18, 49 S. E. 748; *Gainesville Grocery Co.* v. *Bank of Dahlonega,* 25 *Ga. App.* 230, 102 S. E. 912)." *Peacock v. Walker,* 213 *Ga.* 628, 629 (100 S. E. 2d 575). Since the summons of garnishment was filed to the January term of court of Hall County, which has four terms a year, the July term was the second term after service, and July 21 was the first day of that term. The garnishee could file an answer any time until this date without being in default. Code (Ann.) § 110-401 provides in part: "If any case is not answered on or before its appearance day, such case shall automatically become in default unless the time has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days after the appearance day, upon the payment of costs. If the case is still in default *after the expiration of such period of 15 days,* the plaintiff, *at any time thereafter,* shall be entitled to verdict and judgment by default." Code (Ann.) § 110-406 provides: "The court, either in open court or at chambers, shall render judgment without the verdict of a jury in all civil cases founded on unconditional contracts in writing where an issuable defense is not filed under oath or affirmation on or before the appearance day as to such case and *where the period allowed by law for opening defaults as a matter of right has expired,* and where the case is still in default." (Emphasis added). It appears from the foregoing statutes that the plaintiff is not entitled to a judgment by default until the expiration of the 15-day period during which the defendant may, as a matter of right, open the default by paying the accrued costs and filing a

defense to the action. The defendant here had until July 21, to file its answer, and the judgment was taken on July 22, before the 15-day period had expired, although such judgment had not been entered upon the minutes of the court, according to the allegations of the motion, at the time the motion to vacate was filed. Accordingly, the judgment was premature and the defendant on motion made within such 15-day period had an absolute right to have it set aside and the default opened provided he paid the costs and set out a meritorious defense.

■ It does not appear from the record before us whether or not the defendant garnishee paid the accrued court costs at the time the motion to vacate the default judgment was filed. However, it is not necessary that the answer should allege this, and the issue may be raised only by a motion to strike the plea based on such fact. *Laughlin* v. *Bon Air Hotel, Inc.,* 85 *Ga. App.* 43 (68 S. E. 2d 186). There being no motion directed to this point, this court will assume that was done which ought to have been done, and that the costs were in fact paid. Not only was the judgment in this case entered prematurely, but the motion to vacate the judgment was also filed before the expiration of the 15-day period, and it contained a meritorious defense based on the proposition that the judgment debtor was not the creditor of the garnishee in any amount except that sum which it tendered into court along with the motion. In such circumstances the defendant's right to have the default judgment so entered set aside is absolute.

■ Let it be frankly admitted that the distinction between those cases holding the discretion of the trial court in vacating judgments, not the result of jury verdicts, within the same term of court is plenary (*Dover* v. *Dover,* 205 *Ga.* 241, 53 S. E. 2d 492; *International Agricultural Corp.* v. *Law,* 40 *Ga. App.* 756 (1), 151 S. E. 557), and those holding that the court cannot vacate the judgment unless the movant shows a good reason in law for his failure to appear and answer in time (*Jenkins* v. *Whittier Mills Co.,* 20 *Ga. App.* 828(3), 93 S. E. 530; *Morris* v. *Morris,* 82 *Ga. App.* 384, 389, 61 S. E. 2d 156), has resulted in a legal quagmire of decisions. The rule as set forth in one of the earliest cases, *Russell* v. *Freedman's Savings Bank of Macon,*

50 *Ga.* 575, was that "the courts will not set aside a judgment against a garnishee who fails to answer, unless some good and satisfactory reason be shown therefor, to be judged of by the' court." A mistake on the part of the garnishee as to his legal duty was there held sufficient. The garnishee here sets up a similar defense, in that it attempted to and thought it had replied to the justice of the peace issuing the summons of garnishment and did not realize anything further was required of it. Good faith is frequently a prime consideration (*Brown Realty Co.* v. *Joel Hunter & Co.,* 44 *Ga. App.* 146, 160 S. E. 681) as is the fact that the discretion of the court in opening a default judgment against a garnishee is greater at the second term of court than thereafter (*Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321, 328, 48 S. E. 25). And, prior to the time that a judgment is filed and entered upon the minutes of the court, the right of the trial court to revise or vacate it is almost uncontrolled. See *Blakely Hardwood Lumber Co.* v. *Reynolds Bros. Lumber Co.,* 173 *Ga.* 602, 609 (160 S. E. 775). A motion of the nature here dealt with does not fall under Code § 110-702, which requires that a motion to set aside a judgment be based on a defect appearing on the face of the record, nor is it required to be filed as a separate petition with process attached. See *Dover* v. *Dover,* 205 *Ga.* 241, supra. Accordingly, the motion to vacate the judgment here was addressed to the sound discretion of the trial court even though the costs had not been paid, and he did not err in overruling demurrers to this motion on the grounds that it set out no cause of action for the relief prayed for, showed on its face that the defendant was not entitled to the relief sought, failed to allege any legal grounds for vacating the judgment, and was legally insufficient as a traverse to the return of the sheriff. On the latter issue, see *Brown Realty Co.* v. *Joel Hunter & Co.,* 44 *Ga. App.* 146, supra. Incidentally, as pointed out in this division and division 1 of this opinion, the right of the garnishee to have the judgment set aside exists as an absolute one provided the costs have been paid, or a discretionary one provided the costs have not been paid, irrespective of the validity of the traverse to the return of service of the officer on the summons of garnishment.

The trial court did not err in overruling the general demurrers and motion to dismiss the motion to vacate a default judgment against the defendant.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

### ON MOTION FOR REHEARING

Counsel for the plaintiff in error tendered to the court a second motion for rehearing, which disclosed that this court in its original opinion had failed to state the principles of law which control the decision of this court with sufficient clarity for the very able and astute counsel for the plaintiff in error to determine the basis of the decision. The court accordingly feels that the opinion will be more clearly elucidated by this appendage on the second motion to rehear, which, while not sufficient to convince counsel for plaintiff in error of its correctness, will yet clearly state the ruling of the court on the issues raised in the original record and again insisted upon in the second motion to rehear.

■ In ground 1 of the second motion, plaintiff in error "contends that Code [Ann.] § 81-1506 and Code § 46-105 should determine when defensive pleadings in garnishment cases should be filed." The court, applying Code § 46-105, held that the last day when the garnishee could file its answer without being in default was on July 21, 1958. Plaintiff in error complains, however, because this court held that a default judgment entered on July 22, 1958, before the expiration of the 15-day period when the case might have been opened as a matter of right, was subject to be set aside. Plaintiff in error contends that Chapter 46-1 of the Code, which deals with default judgments, is a part of the pleading act of 1946 and should not be applied to "special statutory proceedings" under Code (Ann.) § 81-1506. This court is of the opinion that, after a case has been reduced to final judgment, the law as to final judgments applies to it regardless of what kind of case it is, and when a default judgment is sought to be set aside the law of default judgments applies, and that the law of default judgments is neither a "special statutory proceeding" within the meaning of the Practice and Pleading Act nor is the default judgment itself changed into something else because the action, before it was reduced to judgment, was a

special statutory proceeding. All of the law as to default judgments, except a part of one Code section inapplicable here, was repealed in its entirety by the Act of 1946. Unless the law of default judgments applies to this default judgment, it might be said that there is no such thing as a default judgment in this case, and no law would be applicable thereto. This was obviously not the intention of the legislature.

■ In ground 2 the plaintiff in error contends that this court misconstrued *Peacock* v. *Walker*, 213 *Ga.* 629, supra, citing the following: "If a party have a good defence at law, and from negligence fail to set it up at the proper time, he must take the consequences of his own laches; he cannot go into equity to be relieved from the consequences of his own negligence." That was an equity case where, a default judgment in a garnishment proceeding having been entered against the garnishee, it sought in equity to reopen the judgment by independent suit for that purpose. The terms of the City Court of Blackshear where that action was filed are quarterly, on the fourth Mondays of February, May, August, and November. The record shows that the garnishment was filed August 2nd, 1956, at the May term "returnable to the August term, 1956", according to the allegations of the petition, and the *Peacock* case specifically points out that "since a judgment by default *could not be entered* at the return term" it would be presumed it was entered at a subsequent term, the petition failing to allege when the default judgment was entered. The subsequent terms commenced on November 26, 1956, February 25, 1957, and May 26, 1957, and the equitable petition was filed on June 18, 1957. If the motion in this case had been made from one to three terms after the default term, the judgment of this court would certainly be different, but in this case the motion to set aside was made within 15 days of the judgment, which is a period given to the defendant to open such a judgment as a matter of right. It will be observed that the law of default judgments was applied in the *Peacock* case in order to determine the term of court at which the judgment might properly have been entered, since the equitable petition to set aside failed to allege when, in fact, it was entered.

*Burger* v. *Dobbs*, 87 *Ga. App.* 88 (73 S. E. 2d 75), holds

merely that on a motion to reopen after final judgment the provisions of Code (Ann.) § 110-404, which apply only *before* judgment is entered, do not affect the case. Code (Ann.) § 110-404 was not applied here.

■ Division 3, like division 1, contends that the law of default judgments should not be applied in this case because a garnishment case is a purely statutory proceeding, citing *Anderson* v. *Ledbetter-Johnson*, 62 *Ga. App.* 732(2) (9 S. E. 2d 860). As above pointed out, when the suit is reduced to judgment, then on a motion to set aside the judgment, the law of *judgments* applies, regardless of the initial character of the suit.

■ Ground 4 contends that because the summons of garnishment required the defendant to appear "on the 5th day of May, 1958" that this had the effect of constituting May 5, as the appearance day in the case. Examination of the record shows that the summons of garnishment was filed on February 26, 1958, and the bill of exceptions recites said summons was "returnable to the May term." The first day of the May term was May 5, 1958. Under the ruling in the *Peacock* case, supra, no judgment could have been entered on that day or at that term of court.

■ This court did not, as contended in ground 5, pass upon any judgment of the trial court as to the merits of this case. So far as this record shows, the court has not yet acted on the motion to set aside the judgment. This case is here on the overruling of demurrers to the motion to set aside the judgment and on a motion to dismiss the motion to set aside. All that this opinion holds, or can hold, is that this motion is not fatally defective as a matter of law.

■ Ground 6 appears to complain on the basis that the demurrers to the motion to set aside the judgment should have been sustained because the motion does not denominate itself as a motion to set aside a default judgment. All that this court is deciding at this time is that the facts and allegations in the record show the judgment to have been a default judgment prematurely entered, and that a general demurrer will not lie to a proper motion to set such a judgment aside.

■ In ground 7 the defendant again contends that the court

cannot set aside a judgment for a defect not on the face of the record. The motion in this case was made before the judgment became final, at the same term of court, and within the time limited for motions for a new trial. In such cases, where jury verdicts are not involved, the court has plenary power to revise, vacate, or modify such a judgment. *Maxwell* v. *Cofer*, 201 *Ga.* 222 (39 S. E. 2d 314); *Shivers* v. *Shivers*, 206 *Ga.* 552 (57 S. E. 2d 660); *Tyler* v. *Eubanks*, 207 *Ga.* 46 (60 S. E. 2d 130); *Hunter* v. *Gillespie*, 207 *Ga.* 574 (63 S. E. 2d 404); *Williams* v. *Lawler Hosiery Mills*, 212 *Ga.* 617 (94 S. E. 2d 699).

■ Ground 8 reiterates the argument advanced in ground 1, and is without merit for the same reason.