### 20399. LEWIS *v.* LEWIS.

WYATT, Presiding Justice. Katherine Palmer Lewis filed her suit in Fulton Superior Court against John Ransom Lewis, Jr., in which she prayed for divorce, alimony, and attorney's fees. Agreement as to all questions except the amount of attorney's fees was reached and made the judgment of the court. The agreement stipulated that the trial judge would fix the attorney's fees. Judgment was entered in accordance with the

agreement on November 14, 1958. John Ransom Lewis, Jr., filed a motion entitled "Petition for modification of attorney's fees." When this petition came on for a hearing on December 18, 1958, an oral motion to dismiss the petition was made on the ground that the petition showed on its face that it was not brought within 30 days from the rendition of the final judgment in the divorce case. This motion was denied. Thereafter, the trial judge modified the former judgment as to attorney's fees by reducing the amount from $3,500 to $2,500. The exception here is to the judgment denying the oral motion to dismiss the petition and to the judgment modifying the former judgment as to attorney's fees. *Held:*

Attorney's fees are allowed as "expenses of litigation," and are a part of temporary alimony within the terms of Code § 30-202. Code (Ann.) § 30-220 provides for the revision of a judgment for permanent alimony and, since attorney's fees are classified as temporary alimony, Code (Ann.) § 30-220 has no application to the question here presented. In the view we take of this case, it makes no difference what the petition is named or what it is in fact. Nor does it matter whether it was or was not error to deny the oral motion to dismiss the petition. The real question here presented is whether or not the trial judge was authorized, during term time, to modify the judgment under consideration. If he had that right, he could do so with or without a petition. The order of modification under consideration was rendered by the trial judge during the term of court at which the original judgment was rendered. This court has in a long line of cases laid down the rule that the judge of a superior court has plenary power over his orders and judgments during the term at which they are rendered, and may amend or modify them in his discretion. There is no contention in the instant case that the trial judge abused his discretion. The contention is that he had no authority under the law to modify the judgment.

Two of the recent cases dealing with this question are *Shivers* v. *Shivers,* 206 *Ga.* 552 (57 S.E. 2d 660) and *Dover* v. *Dover,* 205 *Ga.* 241 (1) (53 S.E. 2d 492). In the *Dover* case, supra, this court said: " . . . it is well-settled law that a court has plenary control over its judgments, orders, and decrees during the term at which they were made, and, in the exercise of a sound discretion, may revise, revoke, or modify them. . . This power may be exercised by the court, at the same term, on

his own motion without notice to either party." The same rule of law is stated in *Deen v. Baxley State Bank*, 192 *Ga.* 300 (15 S.E. 2d 194). It is contended that the judgment here under consideration could not be rendered because of the provisions of Code § 70-301 as amended by Ga. L. 1953, Nov. Sess., pp. 440, 445, and Ga. L. 1957, pp. 224, 235, providing that motions for new trial must be filed within 30 days. This Code section does not attempt to deal with the right of a trial judge to modify his judgment during the term and has no application here. It follows from what has been said above, the judgment of the court below was not error for any reason assigned.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

ARGUED MARCH 10, 1959—DECIDED APRIL 9, 1959—REHEARING
DENIED MAY 8, 1959.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr.,* for plaintiff in error.

*Buchanan, Edenfield & Sizemore, Newell Edenfield, Wilson, Branch & Barwick,* contra.