## 41703. THORNTON v. ORKIN EXTERMINATING COMPANY OF SOUTH GEORGIA, INC.

JORDAN, Judge. This is the second appearance of this case in this court. In *Orkin Exterminating Co. v. Thornton,* 111 Ga. App. 636 (142 SE2d 422), decided May 3, 1965, the judgment of the Superior Court of Pierce County overruling the defendant's traverse to the entry of service was reversed; and on May 28, 1965, the trial court entered an order making the remittitur from this court the judgment of the trial court and dismissing the plaintiff's petition for lack of service. No exception was taken to this judgment by the plaintiff. However, on August 16, 1965, the first day of the August term of Pierce Superior Court (that being the term next following the May term of court), the plaintiff filed a motion seeking to have the court set aside its order of May 28, 1965, dismissing the petition, and to allow the plaintiff to perfect belated service on the defendant. The defendant filed a general demurrer to this motion which was sustained and the appeal is from that judgment. *Held:*

This court will take judicial notice of the fact that the May term of Pierce Superior Court commenced on the first Monday in May and that it continued by operation of law until five days before the commencement of the following August term of court on the third Monday in August, unless sooner adjourned by order of the presiding judge. *Dover v. Dover,* 205 Ga. 241 (53 SE2d 492); *Shivers v. Shivers,* 206 Ga. 552 (1) (57 SE2d 660); *Code* § 24-3010. Accordingly, in the absence of an allegation that the May term of court was adjourned by order of court prior to May 28, 1965, it must be presumed that the order of May 28, 1965, was entered during the May term; therefore it was not error for the trial court to sustain the defendant's general demurrer to the plaintiff's motion filed at the following August term of court, "Which sought at a subsequent term to set aside the judgment of that court on the remittitur from this court." *Wills v. Manning,* 195 Ga. 336 (2) (24 SE2d 194). Contrary to the contention of the plaintiff, the allegations that the order of May 28, 1965, had been entered by the court at chambers in another county in the circuit would not show that the current May term of Pierce Superior Court had been adjourned prior to that date. *Adams v. Seay,* 62 Ga. App.

589 (1) (9 SE2d 117); *Morgan v. Western Auto Supply Co.*, 102 Ga. App. 648 (2), 651 (117 SE2d 253).
*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*
ARGUED JANUARY 10, 1966—DECIDED JANUARY 26, 1966.

*Albert E. Butler,* for appellant.
*Bennett, Pedrick & Bennett, J. Edmund Pedrick, Wilson G. Pedrick,* for appellee.

