42712. R. H. MACEY & COMPANY, INC. v. CHANCEY.

PANNELL, Judge. R. H. Macey & Company, Inc., doing business as Davison-Paxon Company, brought suit on account against Mrs. John Chancey in the Superior Court of Barrow County with a prayer for judgment for principal and interest and that process issue requiring that defendant be and appear at the next term of said court to be held in and for said county to answer petitioner's complaint. The process attached to the petition required the defendant to answer within 30 days after the entry of the service thereof. The return shows the petition and process were served October 6, 1966, shortly before the November term of said court which con-

512

vened the first Monday in November (November 7). Judgment by default without a jury verdict was rendered against the defendant on December 6 during the November term. Thereafter on January 26, 1967, and during the November term, the defendant filed her motion to set aside the judgment and open the default, alleging as grounds therefor that defendant was not conversant with the laws pertaining to time within which to file answer and other defensive pleadings, was confused by the wording on the process served upon her, and thought that she only had to appear at the next (February) term of court in order to make timely answer; and that, in any event, defendant normally would have consulted an attorney during October, 1966, or early November and within the thirty-day period allowed for filing defensive pleadings, but she has been seriously ill and under a doctor's care since the summer of 1966, has a husband who also was ill and under a doctor's care, and who had only recently been hospitalized again, and, on October 28, a son was involved in a serious automobile accident, and that the combination of the foregoing conditions and events prevented defendant from conducting any of her business or personal affairs in the manner in which they normally otherwise might have been conducted. No attack was made on the prayer for process or the process.

At the hearing on the motion on January 28, 1967, the only evidence offered, testimony of defendant, was substantially as follows: That she was served on October 7, 1966, but didn't do anything right then; that she was under the care of a doctor at that time and her husband always looked after things like that and he was sick; that he normally took care of things; that her husband had a bad heart condition and the doctor said he could go at any time; that he also had emphysema and glaucoma and would be operated on "this coming Tuesday" for the glaucoma; that her husband had not been able to work for some time, approximately three years or longer; that she had "high hernia" and at times when she ate she would choke and the doctor was treating her for it now and that the hernia tended to make her nervous and that she had been under the doctor's care since "last July" up to the present time; that she had worked up until July 15, but had not worked since that time and that she was in the hospital from the 16th of July until the 29th;

that her son had an accident in October after she was served with the suit and that she was not familiar with the rules of law and guessed she was ignorant about things like that; that after she was served with the suit she tried to keep it quiet on account of her husband's condition, and when her son had the accident she tried to keep her husband from knowing about the accident but couldn't; that she read the paper served upon her and thought she could take care of the matter before February when court started and that the reason she thought that was because the papers said February term of court on the back. In answer to the question "Is it safe to say that if you had not been ill and under the care of a doctor and your husband had not been ill and under the care of a doctor, that you normally would have been working and attending to your business affairs?" the defendant answered "Yes and no. My husband always looked after any of my business affairs when he was able." *Held:*

1. "It is a well-settled principle of law that courts of record retain control over their orders and judgments during the term at which they are made, and, in the exercise of a sound discretion, may revise or vacate them, and such discretion will not be controlled unless it is manifestly abused. *Methodist Episcopal Church South v. Decell,* 60 Ga. App. 843, 849 (5 SE2d 66); *Bowen v. Wyeth,* 119 Ga. 687 (46 SE 823); *East Side Lumber &c. Co. v. Barfield,* 193 Ga. 273, 276 (18 SE2d 492); *International Agricultural Corp. v. Law,* 40 Ga. App. 756 (151 SE 557); *Whitlock v. Wilson,* 79 Ga. App. 747 (54 SE2d 474); *Dover v. Dover,* 205 Ga. 241 (53 SE2d 492); *Tyler v. Eubanks,* 207 Ga. 46 (60 SE2d 130); *Hunter v. Gillespie,* 207 Ga. 574 (63 SE2d 404). But the power to so deal with a judgment is not an unlimited or arbitrary power, but a discretionary one. It is purely a legal discretion. *Grogan v. Deraney,* 38 Ga. App. 287, 290 (143 SE 912); *Cahoon v. Wills,* 179 Ga. 195, 196 (175 SE 563); *Cofer v. Maxwell,* 201 Ga. 846, 848 (41 SE2d 420). As said in the *Cahoon* case and repeated in the *Cofer* case: 'The law seeks an end of litigation; and when parties have had full opportunity to plead and be heard, and a judgment is entered which in its nature ends the controversy, that judgment should not be disturbed, even while in the breast of the court, except in the exercise of sound legal discretion where it is necessary

to do it in order to promote justice.' " *Burger v. Dobbs,* 87 Ga. App. 88, 91 (73 SE2d 75).

2. "At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." *Code* § 110-404 as amended by Ga. L. 1946, pp. 761, 778.

3. "While the *Code,* § 110-404, as amended, gives to the trial judge a broad discretion in setting aside a default judgment, this does not mean that he may act arbitrarily but that he must exercise a *sound and legal* discretion. He may not open a default capriciously or for fanciful or insufficient reasons." *Davison-Paxon Co. v. Burkart,* 92 Ga. App. 80, 83 (88 SE2d 39).

4. *Code* § 110-404, supra, however, has no application to the motion here to set aside a final judgment rendered after default (*Mathews & Co. v. Bishop,* 106 Ga. 564 (1) (32 SE 631); *Graham v. Niagara Fire Ins. Co.,* 106 Ga. 840, 845 (32 SE 579); *Adams v. Overland-Madison Co.,* 27 Ga. App. 531 (2) (109 SE 413)); neither does it impair "the plenary control of the court over orders and judgments during the term at which they are rendered. This inherent power of the court extends to all orders and judgments save those which are founded upon verdicts." *East Side Lumber &c. Co. v. Barfield,* 193 Ga. 273, 277 (18 SE2d 492).

5. "The rule is not as strict before final judgment as it is after such final judgment has been entered. . . The discretion of the trial court to open a default is greater before final judgment than after, and after judgment the discretion applies only to judgments entered within the same term of court and, even then, not to judgments which are founded on jury verdicts. For that reason cases dealing with motions to set aside final judgments should not be considered in applying *Code Ann.* § 110-404, which relates only to opening defaults before final judgment." *Haynes v. Smith,* 99 Ga. App. 433, 436 (108 SE2d 772). With equal logic it might

be said that cases where there is only a default and no final judgment should not be considered in cases, such as the present one, where a final judgment has been entered.

6. This court, in *Haynes v. Smith*, supra, where there was no final judgment, ruled: that, "Cases dealing with the abuse of discretion by the trial court must necessarily stand on their own facts, and under the specific facts of this case, including the contradictory wording of the process and the petition backing, the plaintiff's unfamiliarity with legal processes, her lack of a telephone, the distance from her lawyer's office, and also the exigencies imposed upon her by having to work at night and take care of her totally incapacitated son during the day together with her own resulting mental and physical strain, seem to this court sufficient to justify the trial court in finding that her failure to consult a lawyer until shortly before the commencement of the November term of court constituted excusable neglect rather than gross negligence." There was an intimation in that case that if a final judgment had been entered, a different result would have been reached, and we agree. The evidence in the present case shows that the defendant's sole reason for not filing pleadings on time was the fact that "February term" appeared on the back of the petition and process and that because thereof she thought she had until then to take necessary action. While she testified about the sickness of herself and her husband, and the injury to her son, she nowhere in her testimony claims these as reasons for delay. The process attached to the petition plainly and clearly informed the defendant when to answer. The backing on the petition and process which is customarily made refers to the term of court at which the case would ordinarily be triable. To permit defendants to use this as an excuse for failing to appear and to plead at the proper time would make the process meaningless. Such an excuse is not a legal excuse nor does it amount to ordinary negligence only. On the contrary, it shows gross negligence on the part of the defendant and after final judgment rendered, the trial judge abused his discretion in setting aside the default judgment and vacating the default.

*Judgment reversed. Bell, P. J., Deen and Whitman, JJ., concur. Hall and Eberhardt, JJ., concur specially. Felton, C. J., Jordan, P. J., and Quillian, J., dissent.*

516

Argued April 4, 1967—Decided September 27, 1967—
Rehearing denied October 17, 1967.

O. J. Tolnas, for appellant.

James Parris, G. Wesley Channell, for appellee.

Eberhardt, Judge, concurring specially. I concur in the judgment of reversal, and offer some additional reasons why I deem it to be correct. To authorize the setting aside of a judgment (unless it be absolutely void) the motion must show that the defendant had a meritorious defense *and* that failure to interpose it at the proper time resulted from excusable neglect.

"The motion must show that he has a good and meritorious defense to the action, *not merely by so alleging, but by setting forth fully the facts which constitute the proposed defense,* except in cases where the judgment is absolutely void, when no defense need be shown." (Emphasis supplied). *Pryor v. American Trust &c. Co.,* 15 Ga. App. 822 (2) (84 SE 312); *Philip Carey Co. v. Sheppard,* 19 Ga. App. 368 (3) (91 SE 444).

Movant alleges that "the plaintiff's petition, with attachments, shows on its face that it is a suit on open account and that it is barred by the statute of limitations, four years, within which suit on open account must be brought." This falls short of the requirement that the motion fully set forth the facts. It does not allege when the account was due or when suit was filed. "The statute of limitations does not run against an account until it is in fact due." *Chandler v. Chandler,* 62 Ga. 612 (2). As was pointed out by the court in that case, an account may be due on demand, or on expiration of a reasonable time, or at the time when the creditor understood it to be due; hence it was held that an account incurred in 1872 was not, under the facts, barred when suit was filed in 1877. Movant here does not, as required by the strictness of the rule in motions to set aside judgments, allege facts showing the account to be barred.

Conceding, but not deciding, that the petition and exhibits disclosed that the account was barred by the statute of limitation, that does not foreclose the issue, for a debtor may renew

his obligation (*Williams v. American Surety Co.*, 86 Ga. App. 533 (71 SE2d 714)), and there is a presumption that there was before the court a sufficient basis for the entering of the judgment. *Grinad v. State,* 34 Ga. 270. "It will be presumed that a judgment rendered in a court of general jurisdiction was supported by every fact essential to make it valid and binding." *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399). And, of course, the statute of limitation is a defense that may be waived. Mere failure to invoke it amounts to a waiver.

The plea of the statute, like a plea of bankruptcy, or of discharge in bankruptcy, is a personal one. *Carr v. Rountree,* 9 Ga. App. 393 (71 SE 589); *Whitley v. Jackson,* 34 Ga. App. 283 (129 SE 294); *Robinson v. Yarbrough,* 44 Ga. App. 648 (162 SE 629). It is not a plea to the merits. "Matters purely defensive and going in denial of the plaintiff's right to recover do not afford grounds to set aside a judgment. It is therefore no ground for the defendant's motion to set aside the judgment against him that the indebtedness sued on was discharged by bankruptcy." *Thomas v. Bloodworth,* 44 Ga. App. 44 (2) (160 SE 709). Accord, *Tuff v. Loh,* 38 Ga. App. 526 (2) (144 SE 670). As to this ground, the motion is wholly insufficient.

Nor is the ground that movant "desires to interpose a plea of general denial that she owes anything to plaintiff, her former account with plaintiff having been paid in full," a good one. A plea of general denial of the indebtedness certainly would be "purely defensive and going in denial of plaintiff's right to recover," and hence this ground must fall under the rule of *Thomas v. Bloodworth,* supra. It could be no better than a plea that the goods were not bought, but were consigned by plaintiff to the defendant, to be sold on commission, which was held not a good ground in *Phillips & Co. v. Collier,* 87 Ga. 66 (13 SE 260). The issue of payment is raised only by a special plea— not by a general denial. *Dickson v. Wainwright,* 137 Ga. 299 (73 SE 515); *Harris v. Dover,* 18 Ga. App. 320 (89 SE 351). "A plea of payment which fails to allege with reasonable certainty when, how and to whom payment was made, is insufficient." *Wortham v. Sinclair,* 98 Ga. 173 (25 SE 414).

Movant's allegation that "she has and wishes to assert other

and additional meritorious defenses to this action," sets out no ground at all and can not supply a basis for setting aside the judgment. It utterly fails to show that she has any meritorious defense to interpose, and fails to meet the requirement of *Pryor v. American Trust &c. Co.*, 15 Ga. App. 822 (2), supra, and similar cases.

The facts pleaded are wholly insufficient to show excusable neglect authorizing a setting aside of the judgment. See *Cannon v. Harrold, Johnson & Co.*, 61 Ga. 158; *Moore v. Kelly & Jones Co.*, 109 Ga. 798 (2) (35 SE 168); *Phillips v. Taber*, 83 Ga. 565, 571 (4) (10 SE 270); *Glover v. Dimmock*, 119 Ga. 696 (46 SE 824); *Blanch v. King*, 202 Ga. 779 (44 SE2d 779); *Morris v. Morris*, 82 Ga. App. 384 (61 SE2d 156).

As Judge Pannell points out and supports with authority, the judge's discretion in setting aside a judgment is a legal one— not an arbitrary or unlimited one. Some lawful ground for doing so must appear. It does not here.

The general demurrer to the motion to set the judgment aside was meritorious and should have been sustained.

I am authorized to state that Judge Hall concurs in this special concurrence.

JORDAN, Presiding Judge, dissenting. I cannot agree, under the facts of this case, that we can say as a matter of law that the trial judge abused his discretion in setting aside the default judgment. I would affirm.

While I agree that *Code Ann.* § 110-404 is not applicable here and that the discretion of the trial court to open a default is greater before final judgment than after, we have here a motion to vacate a default judgment made at the same term of court, and in such situation the trial court retains plenary control over the judgment and it may be set aside for any legal and satisfactory reason.

"Until the final adjournment of the term at which a judgment by default has been entered, the court has such control thereof that it may, for any legal and satisfactory reason, set the same aside. It follows that even in a court where a final judgment may be rendered at the first term, the judge may, in his discretion and upon a proper showing at such term, set aside either a

judgment by default or a final judgment entered thereon." *Cooley v. Tybee Beach Co.,* 99 Ga. 290 (25 SE 691) ; *McMillan v. Barton,* 18 Ga. App. 458 (89 SE 535).

"Courts of record retain plenary control over orders and judgments during the term at which they are made, and, in the exercise of a sound discretion, may revise or vacate them." *East Side Lumber &c. Co. v. Barfield,* 193 Ga. 273, 276 (18 SE2d 492). "A superior court retains plenary control over judgments entered during the term in which they are entered, and in the exercise of a sound discretion may revoke them, and such discretion will not be controlled unless manifestly abused." *Hunter v. Gillespie,* 207 Ga. 574 (63 SE2d 404). See also *Kimsey v. Caudell,* 109 Ga. App. 271 (135 SE2d 903).

A long line of cases, cited in *Haynes v. Smith,* 99 Ga. App. 433, 437 (108 SE2d 772), holds that the statutes providing for the opening of defaults should be given a liberal construction, in the promotion of justice and the establishment of truth, and that the discretion of the trial judge in such cases will not be interfered with by this court unless manifestly abused. This same liberality should be applied when the motion to vacate judgment is made within the time during which the court still has plenary control.

In this case the motion to set aside the default and vacate the judgment was made within a few weeks and at the same term in which the judgment was rendered, the defendant offered to plead instanter certain meritorious defenses, declared herself ready for trial and paid all accrued costs. Upon the hearing the defendant set forth certain reasons for excusable neglect in having failed to answer and plead within the time provided by law. The trial judge, exercising a discretion authorized by law, found that "good and sufficient cause has been shown"'by the defendant.

Appellate courts, already burdened with an overflow of cases involving substantial and meritorious questions, should not encourage appeals reviewing rulings based upon the discretion of trial judges. The very purpose of statutes giving broad discretion to trial judges in matters such as this is to vest authority at the level where justice to all parties can best be determined.

When that determination is made after a full hearing, appellate courts should disturb such findings with extreme reluctance and only where the vested discretion is clearly, patently and manifestly abused.

In my opinion, based on the showing made here, the trial judge did not manifestly abuse his discretion in vacating the judgment and allowing the defendant to file defensive pleadings.

I am authorized to state that Chief Judge Felton and Judge Quillian concur in this dissent.