### 43409. BUILTWELL HOMES, INC. v. DAVIS.

BELL, Presiding Judge. In this suit on a note, defendant failed to answer within the time provided by law, and the court entered a final judgment for plaintiff on the default. Defendant then filed a motion to set aside the judgment and open the default, an answer and a general demurrer to the petition. The court denied the motion to set aside. Subsequently the court ex mero motu vacated the judgment denying defendant's motion to set aside the judgment for plaintiff and rendered judgment sustaining defendant's demurrer. Plaintiff took this appeal from the judgment sustaining the general demurrer.

1. The effect of the trial court's order vacating the judgment denying defendant's motion to set aside the judgment for

plaintiff was to leave the motion to set aside pending. In the absence of a further ruling of the court vacating the judgment for plaintiff, that judgment was left standing as a final judgment terminating the case. Thus the judgment sustaining defendant's general demurrer without first vacating the final judgment for plaintiff and opening the default, was unauthorized and was a mere nullity.

2. Defendant's motion to set aside the judgment for plaintiff was not based on a non-amendable defect appearing on the face of the record or pleadings. As a ground for setting the judgment aside, it averred only that defendant, through oversight, had failed to retain counsel until five days after the judgment was entered and that defendant had a meritorious defense to the action. This showed no good reason for failure to file defense within the time required. See *Heitman v. Commercial Bank of Savannah*, 6 Ga. App. 584, 601 (65 SE 590); *Morris v. Morris*, 82 Ga. App. 384, 390 (61 SE2d 156); *Godby v. Hein*, 107 Ga. App. 481, 484 (130 SE2d 511). The court erred in vacating its judgment denying the motion to set aside.

*Judgment reversed. Hall and Quillian, JJ., concur.*

Submitted February 6, 1968—Decided July 1, 1968.

George P. Dillard, for appellant.
Edward D. Wheeler, for appellee.