## 40270. HAIM v. HAIM.

HILL, Chief Justice.

Fani Haim filed a complaint seeking alimony from her husband, David, on May 4, 1983. Following a hearing, the trial court entered a temporary order on May 12 which provided, in part: "The Defendant herein is ordered to pay to Hirsch, Beil & Partin, P. C. the sum of $5,000.00 attorney's fees payable immediately for the representation of the Plaintiff in these proceedings. It is ordered that the Court shall reserve the right to make an additional award of attorney's fees in these proceedings should same be deemed appropriate under the circumstances."

Two days later, on May 14, 1983, the parties reconciled. On May 19, 1983, David Haim filed a petition seeking a modification of the award of $5,000.00 as attorney fees. At a hearing on May 26, 1983, and in its order entered the following day, the trial court expressed the opinion that the award of $5,000.00 was a final judgment and not subject to modification. David Haim filed an application to appeal which this court granted.

1. OCGA § 19-6-2 (a) (2) (Code Ann. § 30-202.1) provides that the grant of attorney fees shall be "A final judgment as to the amount granted, whether the grant is in full or on account, which may be enforced by attachment for contempt of court or by writ of fieri facias, whether the parties subsequently reconcile or not." Although the grant of attorney fees is a final judgment which may be enforced by attachment or by writ notwithstanding reconciliation of the parties, this does not necessarily mean that the fee award, like other elements of temporary alimony, may not be modified by the court at any time while the suit is pending and is within the jurisdiction of the court. See *Shepherd v. Shepherd,* 233 Ga. 228, 232 (210 SE2d 731) (1974), cert. denied, 421 U. S. 932 (1975); OCGA § 19-6-3 (d) (Code Ann. § 30-202). However, we need not decide this case on this basis because the award here was made and the motion to modify was denied during the April term of the Muscogee Superior Court. Ga. L. 1952, pp. 34, 35; OCGA § 15-6-19 (Code Ann. § 24-3010).

2. The trial court has the power to modify a final judgment during the term in which the judgment was entered. *Pekor v. Clark,* 236 Ga. 457 (224 SE2d 30) (1976); *Lewis v. Lewis,* 215 Ga. 7 (108 SE2d 812) (1959); 18 EGL, Judgments and Decrees, §§ 147-48. Therefore, whether or not to modify the fee award was a matter within the sound discretion of the trial court. Because the trial court ruled that it could not modify the judgment as a matter of law, and did not exercise its discretion in denying the petition seeking modification, the case must be remanded for further proceedings not inconsistent with this

opinion. *Rhoden v. Dearman,* 234 Ga. 229, 230 (214 SE2d 919) (1975).
*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 1, 1983 —
REHEARING DENIED NOVEMBER 16, 1983.

*Michael E. Garner,* for appellant.
*Milton Hirsch,* for appellee.